PER CURIAM.
The plaintiff was insured by Allstate. He was involved in an automobile accident and came under medical treatment for injuries sustained. His insurance company paid his bills pursuant to the PIP statute, Section 627.736, Florida Statutes (1985). Thereafter, the company notified him that they would no longer pay his medical bills. He instituted an action against his carrier, which inartfully sued to hold the carrier liable for additional medical treatment. The original complaint was dismissed with leave to amend. Subsequently the plaintiff filed a voluntary dismissal. Thereafter, the carrier moved for and received an award of attorney’s fees pursuant to the provision in Section 57.105, Florida Statutes (1985), of 8350 and costs of $400, which costs were generated as a result of activities by the carrier to demonstrate that the plaintiff’s lawsuit completely lacked any justiciable issue of law or fact. We reverse.
The carrier, having denied further payment, claimed that the injured party had reached full recovery. The insured had a right to have a judicial determination that such a recovery had, in fact, occurred. The mere fact that the original complaint was inartfully drawn and the cause was subsequently voluntarily dismissed would not, by the later event, determine as a matter of law that the plaintiff has no bona fide claim. Englander v. St. Francis Hospital, Inc., 506 So.2d 423 (Fla. 3d DCA 1987). We therefore reverse the award of attorney’s fees and costs.