THOMPSON, Judge.
William H. Moening appeals his resentenc-ing for the offense of grand theft, a felony of the third degree.[1] At the time of his resen-tencing, the trial court did not give him credit for time he had served in state custody. We affirm the judgment and sentence, but remand for correction of the amount of credit for time served.
Moening was originally convicted of grand theft second degree[2] and sentenced to a departure sentence of 15 years in the Department of Corrections (“DOC”). He was also required to pay $16,800 of restitution. This court reversed the judgment and sentence and remanded for “entry of a judgment of guilt to a third degree felony and imposition of an appropriate sentence therefor.” Moening v. State, 615 So.2d 791, 792 (Fla. 5th DCA 1993). At resentencing, Moening was sentenced to serve a five year term of probation. Moening was not given credit for time served while awaiting sentencing or time served in the DOC. As to this point, the state concedes error. They admit that Moening should receive at least 10½ months credit for time served. Brown v. State, 584 So.2d 209, 210 (Fla. 1st DCA 1991); McCray v. State, 517 So.2d 770 (Fla. 2d DCA 1988); Franklin v. State, 515 So.2d 400, 401 (Fla. 1st DCA 1987).
In addition to the 10½ months credit for time served in state custody, Moening seeks to obtain credit for the one year he served on control release, CRD,[3] after being released from the custody of the DOC and while awaiting disposition of his appeal. Because CRD is not “coercive deprivation of liberty,” Moening is not entitled to receive credit for time he spent in this program. See Tal-Mason v. State, 515 So.2d 738, 739 (Fla. 1987); State v. Peters, 526 So.2d 747, 748 (Fla. 1st DCA 1988). This case is remanded with directions that Moening be given credit for time served in jail and in custody of the DOC, excluding time spent on CRD. Upon resentencing, the combined disposition of incarceration and probation may not exceed the statutory maximum. State v. Holmes, 360 So.2d 380 (Fla.1978); Ferguson v. State, 594 So.2d 864 (Fla. 5th DCA 1992), disapproved of on other grounds, Bradley v. State, 631 So.2d 1096 (Fla.1994).
JUDGMENT AFFIRMED; SENTENCE REVERSED and REMANDED with directions.
PETERSON and DIAMANTIS, JJ., concur.

. § 812.014(2)(c), Fla.Stat. (1991).

. § 812.014(2)(b), Fla.Stat. (1991).

.See § 947.146, Fla.Stat. (1991). Control release is a form of administrative supervised release used by the Parole Commission to maintain the state prison population below 97.5 percent of its lawful capacity.