664 So.2d 62 (1995)
BEYEL BROTHERS CRANE AND RIGGING COMPANY OF SOUTH FLORIDA, INC., Appellant,
v.
ACE TRANSPORTATION, INC., Appellee.
No. 95-0147.
District Court of Appeal of Florida, Fourth District.
December 13, 1995.
*63 Todd A. McDowell, Cocoa, for appellant.
Steven B. Sprechman of Steven B. Sprechman, P.A., North Miami Beach, for appellee.
FARMER, Judge.
Defendant appeals the trial court's denial of attorney's fees under section 768.79, Florida Statutes (1993), as to which the court concluded that this action on the common counts and for breach of contract was not covered by the statute's qualifying phrase, "any civil action for damages." We reverse.
Plaintiff sought judgment against defendant, who was the consignee of goods, for unpaid transportation and delivery charges exceeding $20,000. During pretrial proceedings, defendant served plaintiff with an offer of judgment for $500 under section 768.79. After a judgment in its favor, defendant moved for attorney's fees under the statute. In denying the motion, the court explained that section 768.79:
"is inapplicable to this action in that Chapter 768 is limited solely to negligence actions pursuant to the Supreme Court's holding in Smith v. Department of Insurance, 507 So.2d 1080 (Fla. 1987)."
Defendant argues that the trial court failed to consider that the legislature amended the statute in 1990 to make clear that it applies to all actions for damages, not merely those founded in negligence. We agree.
When the supreme court confronted the statute in Smith, the statutory text was limited in its application to "any action to which this part applies * * *." The words "this part" referred to part II of chapter 768, which is entitled "Negligence." As the court held in State v. Bussey, 463 So.2d 1141 (Fla. 1985), "[t]he classification of a law or part of a law in a particular title or chapter of Florida Statutes is not determinative on the issue *64 of legislative intent." Legislative intent must be determined exclusively from the language of the statute. Aetna Cas. & Sur. Co. v. Huntington Nat. Bank, 609 So.2d 1315 (Fla. 1992).
In 1990, the legislature amended section 768.79 by deleting the words, "in any action to which this part applies," and by substituting in their place the words, "[i]n any civil action for damages." It is basic that statutes should not be interpreted in a manner that would deem legislative action useless. Alexdex Corp. v. Nachon Enterprises Inc., 641 So.2d 858 (Fla. 1994). Courts may not construe statutory language so as to render it meaningless. Ellis v. State, 622 So.2d 991 (Fla. 1993). Where a statute is clear and unambiguous, courts will not look behind the statute's plain language for legislative intent. City of Miami Beach v. Galbut, 626 So.2d 192 (Fla. 1993). The initial responsibility of the court when construing a statute is to give the statutory words their plain and ordinary meaning. Silva v. Southwest Florida Blood Bank Inc., 601 So.2d 1184 (Fla. 1992).
We begin by noting that there is no ambiguity in the words, "in any civil action for damages." The plain and ordinary meaning of these words is to cover any claim by a party in a civil action in which money damages are sought from another party to the action. They convey a clear meaning sweeping in all civil actions in which one party seeks damages from another party. The right to damages may arise under tort law; it may arise under contract law; it may arise under property law. If the party seeks damages from another party, then the claim is covered by section 768.79's broad phrase, "civil action for damages."
Construing the words, "[i]n any civil action for damages," to mean the same thing as the words, "any action to which this part applies * * *," would be to render the legislative change a nullity. It is thus not necessary to resort to any rule of statutory construction to see that the legislature intended to broaden the coverage of section 768.79 from personal injury actions only to any civil action for damages. Because an action for damages for breach of contract and on the common counts is indisputably "a civil action for damages," there can be no doubt that the action below was within section 768.79.
The trial court's reliance on Smith was misplaced. Smith concerned a constitutional challenge to the Tort Reform and Insurance Act of 1986, chapter 86-160, Laws of Florida, of which section 768.79 was merely one part. The court addressed the argument that chapter 86-160 was unconstitutional for violation of the "single subject" requirement. In rejecting that challenge, the court said:
"We reject appellants' contention that by including contract actions where damages are sought, the legislature impermissibly broadened the subject matter and violated the single subject requirement. We interpret this act as applying only to claims for personal injury and property damage, both in tort and contract."
507 So.2d at 1087. The foregoing holding does not represent a conclusion that, if section 768.78 also applied to actions other than negligence, it would necessarily violate the single subject requirement.
Even if it did, the statute today could not be held to violate the single subject requirement. In Loxahatchee River Environmental Control District v. School Board of Palm Beach County, 515 So.2d 217 (Fla. 1987), the court made clear that:
"when laws passed by the legislature are adopted and codified [by adopting the laws passed in the preceding odd year and directing that they take effect immediately], the restrictions of article III, section 6, pertaining to one subject matter and notice in the title no longer apply."
515 So.2d at 218. Thus, even assuming a single subject violation existed when the statute was first enacted in 1990, it was erased by the 1991 codification of the Florida Statutes.
Plaintiff now is left with convincing the trial judge that, in fixing the fees due, the court ought to adjust the fees awarded to reflect that the offer was unrealistic, if not in bad faith, under the circumstances. See TGI Friday's Inc. v. Dvorak, 663 So.2d 606, 608 (Fla. 1995) (enumerated factors in section *65 768.79 are intended to be considered in the determination of the amount of fee to be awarded). We stress, however, that it is the trial judge's call to make in the first instance, not ours.
REVERSED FOR CONSISTENT PROCEEDINGS.
GUNTHER, C.J., and STEVENSON, J., concur.