700 So.2d 1220 (1997)
Elmo H. GAY, Petitioner,
v.
Harry K. SINGLETARY, etc., et al., Respondents.
No. 90163.
Supreme Court of Florida.
October 23, 1997.
Elmo H. Gay, Panama City, Petitioner, pro se.
Leeann Knowles, Assistant General Counsel, Department of Corrections, Tallahassee; Bradley R. Bischoff, Assistant General Counsel, Florida Parole Commission, Tallahassee, and Clifford C. Higby of Bryant and Higby, Chartered, Panama City, for Respondent.
PER CURIAM.
Elmo H. Gay petitions this Court for a writ of habeas corpus. We have jurisdiction. Art. V, § 3(b)(9), Fla. Const. Gay makes several arguments concerning his claim for release. We find Gay's arguments without merit and decline to address all but the claim concerning time he spent on Control Release.
Gay takes the position that neither the Department of Corrections nor the Florida Parole Commission has authority to deny a Control Releasee credit for time spent under Control Release supervision. We cannot agree. From our reading of the pertinent statutes, we find that the Florida Parole Commission has the authority to either grant or deny a releasee credit for time spent on *1221 Control Release when that release is revoked due to a violation of the terms and conditions of release.
In 1993, Gay began serving several concurrent five-year sentences for drug offenses. In 1994, Gay was released early under Control Release supervision. See § 947.146, Fla. Stat. (Supp.1994). In 1996, Gay was returned to prison after violating the terms and conditions of his release. The Florida Parole Commission considered whether Gay should be granted credit for time spent on Control Release but ultimately denied such credit. The Department of Corrections then recalculated Gay's release date. In so doing, the Department did not credit Gay for time spent under supervision but rather included that period of time as time spent out of custody. See § 944.275(2)(c), Fla. Stat. (1995).
In addressing Gay's claim that he is entitled to credit for time spent on Control Release, it is important to understand that the Department of Corrections and the Parole Commission are two distinct agencies with different powers and duties. The Florida Parole Commission, as the Control Release Authority, is the agency which administers the Control Release program. See § 947.146(1), Fla. Stat. (1995). The Department of Corrections is Gay's custodian and has been given the duty of calculating his release date, taking into consideration gain time and other factors. See § 944.275, Fla. Stat. (1995).
First, Gay argues that the Department of Corrections does not have authority to deny him credit for the time he spent on Control Release because section 944.275, which provides how the Department is to determine inmate release dates, does not address deduction of credit when Control Release is revoked. That section only mentions the exclusion of time spent out of prison from the release date calculation when an inmate is returned to custody after escaping or violating parole. See § 944.275(2)(c). Thus, Gay maintains that, under the doctrine of inclusio unius est exclusio alterius, the Department lacks authority to deny him credit. We conclude, however, that the resolution of this case depends not on section 944.275, but rather on section 947.146. Section 944.275(2)(c) is merely instructive as to how the Department of Corrections is to determine inmate release dates. Under section 947.146(1), it is the Parole Commission, as the Control Release Authority, that administers the Control Release program. Therefore, logically it should be the Parole Commission that determines credit for time spent under that program. If the legislature had intended that this important decision be determined by another agency, such as the Department of Corrections, the legislature surely would have made that intent clear. Therefore, we conclude that the Department of Corrections cannot grant credit for time spent under Control Release supervision unless the Parole Commission instructs it to do so.
Gay maintains, however, that the Parole Commission also lacks authority to deny him credit for time spent on Control Release. He argues that while the Parole Commission has very specific authority to award or deny credit for time spent on parole under section 947.21(2), Florida Statutes (1995), there is no similar specific statutory authority to deny credit for time spent on Control Release.[1] Again, he bases his argument on the doctrine of inclusio unius est exclusio alterius. Under this doctrine, when a law expressly describes the particular situation in which something should apply, an inference must be drawn that what is not included by specific reference was intended to be omitted or excluded. See Industrial Fire & Cas. Ins. Co. v. Kwechin, 447 So.2d 1337, 1339 (Fla. 1983). The current provision concerning credit for time spent on parole was enacted in 1974 and the language of that subsection *1222 has not been amended since that time.[2] Since the Control Release program was not created until 1989,[3] the legislature could not have intended to exclude Control Release violations from section 947.21(2). When the legislature created the Control Release program, it created a whole new section of chapter 947. That new section named the Parole Commission as the Control Release Authority and described, among other things, how the Commission would choose control releasees, extend or advance release dates, determine conditions of release, and conduct revocation hearings. See § 947.146, Fla. Stat. (1989). The fact that there is very specific authority in one section of chapter 947 dealing with credit for time spent on parole does not affect the Parole Commission's powers, as the Control Release Authority, concerning a different program described in a separate section of that chapter.
Gay seems to imply that time spent under supervision is the functional equivalent of time spent in prison and therefore he must be given credit toward his sentence. We cannot agree. While we have previously held that the State is constitutionally required to award a prisoner credit for time spent in a mental institution, the same conclusion is not necessarily required for time spent under release supervision. See Tal-Mason v. State, 515 So.2d 738 (Fla.1987). In Tal-Mason, we stated that
commitment for incompetence, unlike probationary rehabilitation, infringes upon significant liberty interests.... Probationary conditions are more in the nature of a contract between the probationer and the state. The defendant clearly has a choice to reject those conditions, albeit at the risk of continued detention in jail or prison. Thus, rather than restricting liberty, probationary rehabilitation usually serves to increase it by allowing the probationer an escape from involuntary confinement already lawfully imposed, in favor of a freer environment....
Tal-Mason, 515 So.2d at 739 (emphasis added). We believe time spent under Control Release supervision is similar to time spent on probation and therefore do not consider it a "coercive deprivation of liberty" for purposes of entitlement to credit.[4]See also Moening v. State, 643 So.2d 1201, 1202 (Fla. 5th DCA 1994) (holding inmate not entitled to time spent on Control Release under analysis in Tal-Mason).[5]
The Parole Commission's authority concerning Control Release is described in section 947.146 and the provisions referred to therein. As explained above, section 947.146 creates the Control Release Authority, names the Parole Commission as the Authority, *1223 and provides it with the power to determine whether a control releasee has violated the terms and conditions of release. It also grants the Parole Commission the power to determine what actions should be taken in regard to such violations.[6] Section 947.141, Florida Statutes (1995), concerns revocations of several of the Parole Commission's release programs, including Control Release. It provides the Parole Commission with the power to revoke a releasee's supervision and return the releasee to prison to serve the sentence imposed or enter "such other order as it considers proper."[7] Section 947.13, Florida Statutes (1995), generally describes the Parole Commission's functions and organization in relation to all of its programs. It also provides the Parole Commission, as the Control Release Authority, with the power to determine Control Release violations and to decide what actions will be taken in regard to such violations.[8] When read together, these provisions grant the Parole Commission broad authority in administering the Control Release program and provide the Commission with the authority to either grant or deny credit for time spent under supervision when it determines that a violation has occurred.
Accordingly, because it was within the Parole Commission's authority to deny Gay credit for time spent on Control Release and the Department of Corrections properly refused to include such credit in recalculating Gay's release date, we deny the petition.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Section 947.21(2), provides:

An offender whose parole is revoked may, at the discretion of the commission, be credited with any portion of time he has satisfactorily served on parole.
Incidentally, prior to 1974, this provision prohibited the Commission from granting credit for time spent on parole. See § 947.21, Fla. Stat. (1973).
[2] The legislative history note located at the bottom of section 947.21 merely refers to the "sunset" provisions enacted several times between 1986 and 1993. See § 119.14, Fla. Stat. (1995). Pursuant to these provisions, all of chapter 947 (including 947.21) was periodically repealed effective at a later date. The legislature continuously extended the repeal date until 1993, when it finally "repealed the repeal." We find that this action merely indicates an intent to retain the Parole Commission and does not constitute evidence of any later intent as to the language contained in any of the affected statutory provisions. See ch. 86-183, § 37; ch. 88-122, § 67; ch. 89-531, § 17; ch. 90-337, § 20; ch. 93-2, § 1, Laws of Fla.
[3] See ch. 89-526, § 1-8, 52, Laws of Fla.
[4] See § 947.146, Fla. Stat. (1995); Fla. Admin. Code R. 23-22.013 (Parole Commission rules describing Control Release terms and conditions).
[5] We previously held in State v. Summers, 642 So.2d 742 (Fla.1994); see also Young v. State, 697 So.2d 75 (Fla.1997), that in certain limited cases a probation violator was entitled to credit for time spent on probation, if, upon revocation, he was placed on an additional term of probation. We made that determination, in part, based on our interpretation of the probation statute relevant in those cases. Accordingly, we find those cases to be distinguishable from the present case. Furthermore, we note that the legislature recently amended the probation statute at issue in those cases to prohibit the awarding of credit for time spent on probation if the probationer violates the terms and conditions of release. We find this action to further support our conclusion that the legislature does not intend that a releasee who violates the terms and conditions of release receive credit for time spent under that failed supervision. See ch. 97-78, § 21, Laws of Fla. (amending § 948.06, Fla. Stat. (1995)).
[6] Section 947.146 provides in pertinent part:

(1) There is created a Control Release Authority which shall be composed of the members of the Parole Commission....
....
(6) The authority has the power and duty to:
....
(d) Determine violations of control release and what actions shall be taken with reference thereto.
....
(11) When the authority has reasonable grounds to believe that an offender released under this section has violated the terms and conditions of control release, such offender shall be subject to the provisions of s. 947.141 and shall be subject to forfeiture of gain-time pursuant to 944.28(1).
[7] Section 947.141 provides in pertinent part:

(4) Within a reasonable time following the hearing, the commissioner or the commissioner's duly authorized representative who conducted the hearing shall make findings of fact in regard to the alleged violation. A panel of no fewer than two commissioners shall enter an order determining whether the charge of violation of conditional release, control release, or conditional medical release has been sustained based upon the findings of fact presented by the hearing commissioner or authorized representative. By such order, the panel may revoke conditional release, control release, or conditional medical release and thereby return the releasee to prison to serve the sentence imposed, reinstate the original order granting the release, or enter such other order as it considers proper.
(Emphasis added.)
[8] Section 947.13 provides in pertinent part:

(1) The commission shall have the powers and perform the duties of:
....
(c) Determining whether a person has violated parole and taking action with respect to such a violation.
....
(g) As the Control Release Authority, determining what persons will be released on control release under s. 947.146, establishing the time and conditions of control release, if any, and determining whether a person has violated the conditions of control release and taking action with respect to such a violation.
(Emphasis added.)