707 So.2d 326 (1998)
Abel RIVERA, Petitioner,
v.
Harry K. SINGLETARY, etc., et al., Respondents.
No. 91379.
Supreme Court of Florida.
February 19, 1998.
Abel Rivera, pro se, Panama City, for Petitioner.
Louis A. Vargas, General Counsel; and MaryEllen McDonald, Assistant General Counsel, Tallahassee, for Respondent Florida Department of Corrections.
William L. Camper, General Counsel; and Kim M. Fluharty, Assistant General Counsel, Tallahassee, for Respondent Florida Parole Commission.
Clifford C. Higby of Bryant and Higby, Chartered, Panama City, for Respondent Cody Graham.
PER CURIAM.
Abel Rivera petitions this Court for a writ of habeas corpus. We have jurisdiction. Art. V, § 3(b)(9), Fla. Const. This case is controlled by our recent decision in Gay v. Singletary, 700 So.2d 1220 (Fla.1997). Accordingly, we deny the petition.
As did petitioner Gay, petitioner Rivera argues that neither the Department of Corrections nor the Florida Parole Commission (hereinafter the Commission) has authority to deny him credit for time spent on supervised release because neither section 944.275, (describing how the Department of Corrections is to determine inmate release dates) nor section 947.21, Florida Statutes (1997) (giving the Parole Commission specific authority to grant or deny credit for time spent on parole,) has ever specifically addressed such credit when a type of supervised release other than parole is revoked. Thus, Rivera maintains that, under the doctrine of inclusio unius est exclusio alterius, the State lacks authority to deny him credit. This is essentially the same argument that was advanced in Gay v. Singletary, 700 So.2d at 1220. The only difference between Gay's case and this case is that in Gay the supervised release was Control Release. See § 947.146, Fla. Stat. (1995). In this case, the supervised release is Conditional Release. See § 947.1405, Fla. Stat. (Supp.1992).[1] Both *327 Control Release and Conditional Release are programs administered by the Commission and have been in effect for nearly a decade.[2] Since its inception, Control Release has always been an early release program which is activated by prison overcrowding. See § 947.146, Fla. Stat. (1997). Conditional Release, on the other hand, has never been an early release program, but rather an additional post-prison supervision program for certain types of offenders that the legislature has determined to be in need of further supervision after release. See § 947.1405, Fla. Stat. (1997). Nevertheless, we find this distinction to be irrelevant to the issue of whether the Commission has statutory authority to grant or deny credit for time spent on supervision; and, as we similarly found in Gay, we find here that the Commission has broad authority under sections 947.1405,[3] 944.291(2)[4] and especially section 947.141,[5] to either grant or deny a releasee credit for time spent on Conditional Release when that release is revoked due to a violation of the terms and conditions of release.[6]
Accordingly, we deny the petition.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, HARDING, WELLS, ANSTEAD and PARIENTE, JJ., concur.
NOTES
[1] We also note that Rivera's and Gay's offense dates differ by several years. This means that different versions of the pertinent statutes apply. However, none of the changes made to those statutes over the years have affected the Commission's statutory authority to grant or deny credit for time spent on either Control Release or Conditional Release when that release is revoked due to the inmate's violation of the terms and conditions of release.
[2] The Conditional Release program went into effect on July 1, 1988. See § 947.1405, Fla. Stat. (Supp.1988); ch. 88-122, § 19 at 542 (establishing program); ch. 88-122, § 20 at 543 (establishing violation procedures); ch. 88-122, § 92 at 572 (establishing effective date), Laws of Fla.

The Control Release program went into effect on September 1, 1990. See § 947.146, Fla. Stat. (1989); ch. 89-525, §§ 1,2,3,5,6,7,8 at 2659-65; § 52 at 2690 (establishing effective date), Laws of Fla.
[3] Section 947.1405, Florida Statutes (Supp. 1992), provides in pertinent part:

(2) Any inmate who is convicted of a crime committed on or after October 1, 1988, which crime is contained in category 1, category 2, category 3, or category 4 of Rule 3.701 and Rule 3.988, Florida Rules of Criminal Procedure, and who has served at least one prior felony commitment at a state or federal correctional institution or is sentenced as a habitual or violent habitual offender pursuant to s. 775.084 shall, upon reaching the tentative release date or provisional release date, whichever is earlier, as established by the Department of Corrections, be released under supervision....
[4] Section 944.291(2), Florida Statutes (1991), provides in pertinent part:

Any prisoner who is convicted of a crime committed on or after October 1, 1988, which crime is contained in category 1, category 2, category 3, or category 4 of Rule 3.701 and Rule 3.988, Florida Rules of Criminal Procedure, and who has served at least one prior felony commitment at a state or federal correctional institution, or is sentenced as a habitual or violent habitual offender pursuant to s. 775.084, may only be released under conditional release supervision as described in chapter 947.
[5] Section 947.141(3), Florida Statutes (1991), provides:

Within a reasonable time following the hearing, the commissioner or his duly authorized representative who conducted the hearing shall make findings of fact in regard to the alleged violation. A majority of the commission shall enter an order determining whether the charge of violation of conditional release has been sustained based upon the findings of fact presented by the hearing commissioner or authorized representative. By such order, the panel shall revoke conditional release and thereby return the releasee to prison to serve the sentence imposed upon him, reinstate the original order granting conditional release, or enter such other order as it considers proper.
(Emphasis added.)
[6] The State has advised this Court that Rivera's tentative release date was December 25, 1997. Thus, because Rivera is apparently no longer in prison, his habeas petition is technically moot. However, mootness does not destroy a court's jurisdiction when, as here, the questions raised are of great public importance or are likely to recur. See Holly v. Auld, 450 So.2d 217 (Fla. 1984).