711 So.2d 1192 (1998)
John D. WEESNER and Helga S. Weesner, etc., Appellants/Cross-Appellees,
v.
UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellee/Cross-Appellant.
No. 97-620.
District Court of Appeal of Florida, Fifth District.
April 24, 1998.
Rehearing Denied June 17, 1998.
*1193 Elizabeth C. Wheeler of Johnson and Bussey, P.A., Orlando, for Appellants/Cross-Appellees.
Jamie Billotte Moses and Reinald Werrenrath, III, of Fisher Rusher Werrenrath Wack & Dickson, P.A., Orlando, for Appellee/Cross-Appellant.
PER CURIAM.
John D. and Helga S. Weesner, as personal representatives of the estate of Nicole A. Hayne, their deceased daughter, appeal a summary judgment finding that United Services Automobile Association (USAA) was not liable under its umbrella policy for uninsured motorist coverage (UM). USAA cross-appeals the denial of its request for attorney's fees under the offer of judgment statute, section 768.79, Florida Statutes (1993).

SUMMARY JUDGMENT
The Weesners urge that the summary judgment should not have been granted because an issue of fact existed as to whether USAA made UM coverage available when Mr. Weesner originally applied for the policy. However, Mr. Weesner's deposition undeniably indicates that he was made aware of the opportunity to add UM coverage during the application process. We find no merit in his attempt to repudiate that testimony by affidavit three years later when the motion for summary judgment was considered. Unless there exists a credible explanation for the discrepancy between the earlier and later versions, a litigant may not create a material issue in this manner in order to defeat a motion for summary judgment. Ondo v. Gieseke, 697 So.2d 921 (Fla. 4th DCA 1997).

NOTICE OF UM COVERAGE
The Weesners further claim that the opportunity to obtain UM coverage at the time of application and at a subsequent renewal was inadequate because USAA did not comply with the notice requirements of subsection 627.727(1), Florida Statutes (1993). We find subsection (1) of that statute inapplicable to non-primary policies such as the umbrella policy involved in this appeal. We do find subsection (2) applicable which provides in part:
(2) ... The limits set forth in this subsection, and the provisions of subsection (1) which require uninsured motorist coverage to be provided in every motor vehicle policy delivered or issued for delivery in this state, do not apply to any policy which does not provide primary liability insurance that includes coverage for liability arising from the maintenance, operation, or use of a specifically insured motor vehicle. However, an insurer issuing such a policy shall make available as a part of the application for such policy, and at the written request of the insured, limits up to the bodily injury liability limits contained in such policy.
See Tres v. Royal Surplus Lines Ins. Co., 705 So.2d 643 (Fla. 3d DCA 1998) (§ 627.727(2) does not contain the same requirements as § 627.727(1); § 627.727(2) only requires an issuer of a non-primary policy to notify an applicant of the availability of UM coverage); Travelers Ins. Co. v. Quirk, 583 So.2d 1026 (Fla.1991)(court opined inter alia that § 627.727(2) "requires an issuer of an umbrella policy to notify an applicant of the availability of UM coverage").
Mr. Weesner admitted in his deposition that he was informed of the availability of the UM coverage when he applied for the umbrella *1194 policy. Thus, we find USAA fulfilled its only requirement under subsection 627.727(2), Florida Statutes (1989), of notifying Mr. Weesner of the availability of UM coverage when he applied for an umbrella policy with USAA. There is no similar requirement upon the renewal of the umbrella policy.

OFFER OF JUDGMENT
Initially, the Weesners sought UM proceeds from USAA on both their primary and umbrella policy. USAA denied coverage on the primary policy because it believed that the Weesners' daughter was not a "resident relative" under the policy, it also denied coverage under the umbrella policy because it did not contain UM coverage. However, after the Weesners' depositions were taken, USAA conceded that primary UM coverage was available, but continued to deny coverage under the umbrella policy. Later, the Weesners amended their claim to proceed only under the umbrella policy and the case proceeded solely on that claim.
USAA filed an offer of judgment pursuant to section 768.79, Florida Statutes (1993) for $100.00 on the claim under the umbrella policy. Several motions for summary judgment were then filed by the parties, all of which were denied except the final one which terminated the litigation in favor of USAA. The trial court then denied fees to USAA in an order that simply characterized the offer as "not a good faith offer."
"The obligation of good faith [found in section 768.79(7)] merely insists that the offeror have some reasonable foundation on which to base an offer." Schmidt v. Fortner, 629 So.2d 1036, 1039 (Fla. 4th DCA 1993). Review of the record in the instant case indicates that USAA had a reasonable basis to conclude that it had no liability after deposing Mr. Weesner who clearly admitted that UM coverage was discussed and made available when he originally applied for the umbrella policy. The $100 offer was a statement by USAA that it believed it had no liability and would ultimately prevail in the litigation. The fact that the offer of $100 was a nominal offer is not necessarily determinative of the issue of good faith. See Peoples Gas System, Inc. v. Acme Gas Corporation, 689 So.2d 292 (Fla. 3d DCA 1997) (offer of judgment of $2,500 constituting .00142857% of the $3.5 million settlement amount sought not determinative of bad faith); State Farm Mutual Automobile Ins. Co. v. Marko, 695 So.2d 874 (Fla. 2d DCA 1997) (offer of judgment in amount of $1 treated as good faith offer where it was, in effect, a statement that offeror believed that the tort-feasor's liability would not exceed his own policy limits and therefore would not impact the offeror's underinsured motorist coverage).
We reject the Weesners' additional arguments that the $100 was not adequate to compensate them for attorney's fees under the primary claim. Entitlement to those fees was never in issue and the offer of judgment was made after the amendment of the claim directing the action only to the umbrella policy. We also reject their arguments that attempt to characterize the litigation as an action for a declaratory judgment and that section 627.428, Florida Statutes, precludes attorney's fees to an insurance carrier under section 768.79, Florida Statutes.
The summary judgment is affirmed. The order denying attorney's fees pursuant to section 768.79, Florida Statutes, is reversed and the matter remanded to the trial court to determine the amount of fees to be awarded.
AFFIRMED IN PART; REVERSED IN PART, REMANDED.
PETERSON and THOMPSON, JJ., concur.
DAUKSCH, J., concurs in part; dissents in part, with opinion.
DAUKSCH, Judge, concurring in part; dissenting in part.
While I concur with the conclusion of the majority as to the coverage issue, I disagree with the decision to reverse the trial judge's decision not to award attorney's fees. I do not believe the $100 offer was such a good faith offer as to entitle appellee to collect the fees. I would affirm the judgment in toto.