760 So.2d 1101 (2000)
U.S. SECURITY INSURANCE CO., Appellant,
v.
Liliana CAHUASQUI, Appellee.
No. 3D98-3337.
District Court of Appeal of Florida, Third District.
July 5, 2000.
*1102 Michael A. Nuzzo, Miami; Fazio, Dawson, DiSalvo, Cannon, Abers, Podrecca & Fazio and David B. Pakula (Ft.Lauderdale), for appellant.
Lidsky, Vacarro & Montes and Juan C. Montes, Hialeah, for appellee.
Kutner, Rubinoff, Bush & Lerner and Susan Lerner, Miami; Barbara Green, Coral Gables, for The Academy of Florida Trial Lawyers as amicus curiae.
Before COPE, GREEN, and FLETCHER, JJ.

CORRECTED OPINION
GREEN, J.
This is an appeal from a final order of the county court denying an award of attorney's fees to the defendant/appellant, U.S. Security Insurance Company ("US Security"), in a case where the plaintiff/appellee, Liliana Cahuasqui ("Cahuasqui"), sought but was denied personal injury protection ("PIP") benefits. The trial court certified the following question to us as one of great public importance.
Is the Proposal for Settlement/Offer of Judgment Statute, F.S. 768.79, applicable to PIP actions?
We have jurisdiction pursuant to rule 9.030(b)(4)(A), Florida Rules of Appellate Procedure.[1] Because we find the offer of judgment statute, section 768.79, Florida Statutes (1997), to be applicable to PIP claims, we answer the certified question in the affirmative. We therefore reverse and remand this case for a hearing on attorney's fees consistent with the opinion below.
Cahuasqui was allegedly injured in an automobile accident which occurred on October 3, 1995. Cahuasqui made a claim for PIP benefits under a U.S. Security insurance policy that had been issued to her *1103 father, Milton Cahuasqui. US Security denied Cahuasqui's claim because Mr. Cahuasqui's application for PIP insurance had not listed his daughter as an additional resident driver.
Subsequently, Cahuasqui filed suit against U.S. Security seeking recovery of PIP benefits. US Security answered and raised material misrepresentation as a defense.[2]
On June 13, 1997, the trial court noticed the case for a jury trial on August 26, 1997. On June 16, 1997, U.S. Security served its proposal for settlement/offer of judgment, pursuant to rule 1.442, Florida Rules of Civil Procedure[3] and section 768.79, Florida Statutes (1997),[4] in the amount of $1,501.00. Specifically, U.S. Security's proposal for settlement/offer of judgment provided:
PURSUANT TO RULE 1.442 [Eff. 1-1-97] and/or Florida Statute § 768.79, the Defendant, U.S. Security Insurance Company, hereby serves this offer to the Plaintiff, Liliana Cahuasqui, to allow judgment to be taken against said Defendant in the amount of One Thousand Five Hundred One Dollars ($1,501.00) inclusive of PIP benefits, interest, penalties, costs and attorney's fees.
Cahuasqui did not accept the offer.
The trial judge bifurcated the trial on the liability and damage issues. The jury found that Milton Cahuasqui had made a material misrepresentation on his application for insurance with U.S. Security, and therefore Liliana was not entitled to PIP *1104 benefits under U.S. Security's policy. Accordingly, the trial court entered final judgment in favor of U.S. Security, reserving jurisdiction over the issue of attorney's fees and costs.
US Security filed a motion for attorney's fees based on its proposal for settlement/offer of judgment. The trial court initially granted U.S. Security's motion for attorney's fees. Cahuasqui thereafter filed a motion to strike U.S. Security's offer of judgment on grounds that section 768.79, Florida Statutes, conflicts with section 627.428, Florida Statute[5] (the insurance attorney's fee statute), and therefore the court's grant of U.S. Security's attorney's fees was unconstitutional.
A hearing regarding U.S. Security's entitlement to attorney's fees and Cahuasqui's motion to strike U.S. Security's offer of judgment fees was held June 11, 1998. Ultimately, the trial court reversed itself and denied U.S. Security's motion for attorney's fees, finding that the offer of a judgment statute was inapplicable to PIP actions, but certified this question to us for our consideration. We accepted jurisdiction.
At the outset, we note that the issue of whether the offer of judgment statute applies to PIP actions is one of first impression in this state.[6] Prior to 1990, the offer of judgment statute provided that it applied in "any action to which this part applies."[7] However, in 1990, the legislature amended the offer of judgment statute so that it applied "[i]n any civil action for damages filed in the courts of this state." (emphasis added). Ch. 90-119 § 48, Laws of Fla. The plain meaning of the statute, as amended, is that it applies to all civil actions for damages. See Beyel Bros. Crane & Rigging Co. of S. Fla., Inc. v. Ace Transp., Inc., 664 So.2d 62, 64 (Fla. 4th DCA 1995).
[T]here is no ambiguity in the words, `in any civil action for damages.' The plain and ordinary meaning of these words is to cover any claim by a party in a civil action in which money damages are sought from another party to the action. They convey a clear meaning sweeping in all civil actions in which one party seeks damages from another party. The right to damages may arise under tort law; it may arise under contract law; it may arise under property law. If the party seeks damages from another party, then the claim is covered by section 768.79's broad phrase, `civil action for damages'.
Id. (emphasis added).
Moreover, statutes should not be interpreted in a manner that would deem the legislative action useless. See Ellis v. State, 622 So.2d 991 (Fla.1993). In fact, the responsibility of the court when construing a statute is to give the statutory words their plain and ordinary meaning. Silva v. Southwest Fla. Blood Bank, Inc., 601 So.2d 1184 (Fla.1992).
The underlying purpose of the offer of judgment statute includes the early termination of litigation by encouraging realistic assessments of the claims made. See *1105 Tucker v. Shelby Mut. Ins. Co. of Shelby, Ohio, 343 So.2d 1357, 1359 (Fla. 1st DCA 1977). We see no reason why this policy should not apply to a PIP case just as it applies in any other civil action for damages.
The PIP statute streamlines an insured's receipt of benefits for out-of-pocket losses by removing from consideration the issue of fault. See Lasky v. State Farm Ins. Co., 296 So.2d 9 (Fla.1974). However, the PIP statute does not deprive the PIP carrier of its defenses. Indeed, a PIP carrier may dispute a claim based on a coverage defense or on grounds that the medical treatment was not reasonable, necessary or related to the automobile accident. See § 627.736, Fla. Stat. (1997). The fact that an insurance carrier has defenses against a claim for PIP benefits obviously shows that PIP litigation is not a one-sided affair. Thus, the offer of judgment statute's policy of encouraging settlements clearly applies in disputed PIP cases the same as in other civil action for damages. Indeed, we find that the early resolution of PIP claims, by way of offers of judgment, is entirely consistent with the intent of the no-fault legislation of relieving our overburdened court system.
The trial court found and Cahuasqui argues that the offer of judgment statute conflicts with the insurance attorney's fee statute, section 627.428(1), Florida Statutes, which permits a court to award attorney's fees to the prevailing insured exclusively.[8] In concluding that section 627.428 precludes fee awards under section 768.79, the trial court relied upon the rule of statutory construction which provides that specific statutes control over statutes dealing generally with the same subject matter. See generally Gay v. Singletary, 700 So.2d 1220, 1221 (Fla.1997)(stating that "when a law expressly describes the particular situation in which something should apply, an inference must be drawn that what is not included by specific reference was intended to be omitted or excluded."). This rule that the inclusion of one means the exclusion of another, however, does not mean that the application of one precludes the additional application of another. See, e.g., State ex rel. Jones v. Wiseheart, 245 So.2d 849, 854 (Fla.1971)(constitutional provision that chief justice of Supreme Court shall exercise authority to temporarily assign justices and judges does not, expressly or impliedly, prevent legislature from authorizing a presiding circuit judge to assign circuit judges for temporary duty). Similarly in Gay, the defendant argued that the Parole Commission lacked the authority to deny him credit for time spent on community control because section 947.21(2), Florida Statutes only provides the Commission with such authority with regard to parole. 700 So.2d at 1221. The court rejected this argument in view of the legislature's subsequent creation of a "Control Release Program" which gave the Commission authority over inmates on control release.[9] The legislature did not state that section 627.428 was the only fee authorizing statute which applies in PIP cases, it merely provided that section 627.428 applies in any dispute between an insured and insurer under the Florida Motor Vehicle No-Fault Law.[10] § 627.736(8), Fla. Stat.
*1106 The lower court also relied upon section 768.71, Florida Statues in determining that the offer of judgment statute does not apply in PIP cases. Specifically, section 768.71 provides:
[i]f a provision of this part is in conflict with any other provision of the Florida Statutes, such other provision shall apply.
We find, however, that section 768.71(3), by its own terms, only applies where there is a "conflict" between statutes. The mere fact that the legislature provided that section 627.428 applied in PIP cases does not, by itself, mean that it conflicts with the offer of judgment statute.
Indeed, the Supreme Court of Florida in Scottsdale Insurance Company v. DeSalvo, 748 So.2d 941, 944 (Fla.1999), albeit not a PIP case, held that section 627.428 does interact with the offer of judgment statute.[11] Moreover, this court and the other appellate courts of this state have consistently applied section 768.79 in insurance cases despite the existence of section 627.428. See, e.g., Pennsylvania Lumbermens Mut. Ins. Co. v. Sunrise Club, Inc., 711 So.2d 593 (Fla. 3d DCA 1998) (property insurance); Hartford Cas. Ins. Co. v. Silverman, 689 So.2d 346 (Fla. 3d DCA 1997) (property insurance); Rabatie v. U.S. Security Ins. Co., 581 So.2d 1327 (Fla. 3d DCA 1989) (liability insurance); see also Allstate Ins. Co. v. Manasse, 715 So.2d 1079 (Fla. 4th DCA 1998) (UM insurance); Allstate Ins. Co. v. Silow, 714 So.2d 647 (Fla. 4th DCA 1998) (UM Insurance); State Farm Mut. Auto. Ins. Co. v. Marko, 695 So.2d 874 (Fla. 2d DCA 1997) (UM insurance); Buchanan v. Allstate Ins. Co., 629 So.2d 991 (Fla. 1st DCA 1993) (UM insurance).
In fact, the fifth district in Weesner v. United Services Automobile Ass'n, 711 So.2d 1192 (Fla. 5th DCA 1998), specifically rejected the argument "that section 627.428, Florida Statutes, precludes attorney's fees to an insurance carrier under section 768.79, Florida Statutes." Id. at 1194. Like the Weesner court, we find that there is no merit to the argument that PIP cases are somehow different than other insurance cases with regard as to whether the offer of judgment statute applies.[12]
Finally, Cahuasqui and the amicus curiae argue that the offer of judgment statute unconstitutionally denies an insured's access to the courts when applied in PIP cases because it deters the pursuit of valid claims.[13] We disagree. In Lasky, the Supreme Court of Florida held that the PIP statute did not violate the right of access to the courts because it provides "a reasonable alternative to the traditional action in tort." 296 So.2d at 15. We find that the application of the offer of judgment statute to PIP actions does nothing *1107 to alter this "reasonable alternative," because the statute has no deterrent effect on the filing of PIP suits. At worst, we believe that the offer of judgment statute may encourage a PIP insured to settle a contested claim after suit is filed.[14]
Moreover, it is well-settled that attorney's fees provisions, which place a "price tag" on unsuccessful claims, do not violate the right of access to the courts. See, e.g., Florida Patient's Comp. Fund v. Rowe, 472 So.2d 1145, 1147-49 (Fla.1985)(a prevailing party attorney's fees provision did not deny access to the court, even where it may affect a plaintiff's decision as to whether to bring a lawsuit); Whitten v. Progressive Cas. Ins. Co., 410 So.2d 501, 504 (Fla.1982)(statute awarding attorney fees where court finds that losing party failed to raise a justiciable issue of either law or fact was constitutional); Hunter v. Flowers, 43 So.2d 435 (Fla.1949)(upholding statute authorizing the recovery of attorney fee by a successful claimant enforcing a laborer's lien). Specifically, in Rowe, the Supreme Court of Florida stated that:
[w]e reject the Fund's contention that requiring an unsuccessful litigant to pay the prevailing party's attorney's fees constitutes a "penalty" offensive to our system of justice.... In certain causes of action, attorney fees historically have been considered part of litigation costs and the award of these costs is intended not only to discourage meritless claims, but also to make the prevailing plaintiff or defendant whole.... The statute may encourage an initiating party to consider carefully the likelihood of success before bringing an action[.] ... We reject the argument that [the attorney's fees provision] so deters the pursuit of ... claims that it effectively denies access to the courts.... We find that an award of attorney's fees to the prevailing party is a "matter of substantive law properly under the aegis of the legislature." in accordance with the long-standing American Rule[.]
472 So.2d at 1149; see also Pohlman v. Mathews, 440 So.2d 681, 683 (Fla. 1st DCA 1983) (concluding that "the assessment of fees to the prevailing party does not abrogate the right to sue and does not deny access to the courts even though ... it may affect the decision to bring a lawsuit.") (emphasis added).
We believe that the result should not be different here. Unlike a prevailing party fee provision, like the one at issue in Rowe, the offer of judgment statute does not affect an insured's decision to bring suit. At best, it may affect an insured's decision as to whether to continue to litigate, rather than compromising the claim, after suit has been filed. Thus, the offer of judgment statute has less of a deterrent effect than a prevailing party fee provision which, according to the Supreme Court of Florida, does not deny access to courts.
Thus, for all of the above reasons, we answer the certified question in the affirmative, and reverse and remand this case to the trial court for a determination of attorney's fees consistent with this opinion.
Reversed and remanded.
COPE, J., concurs.
FLETCHER, Judge (dissenting).
I find myself in disagreement with the majority opinion which labors hard and long to reach its result. I hold the view that the matter is far less complicated, and dissent from the majority opinion. I would affirm the county court's final order denying an award of attorney's fees to U.S. Security.
The legislature has spoken clearly and emphatically[15] through section 627.736(8), *1108 Florida Statutes (1997), that a specific treatment will be given to attorney's fees in PIP cases:
"Applicability of provision regulating attorney's fees.With respect to any dispute under the provisions of ss. 627.730-627.7405 between the insured and the insurer, the provisions of s.627.428 shall apply."
Section 627.428(1) states:
"Upon the rendition of a judgment or decree in any of the courts of this state against an insurer and in favor of any named or omnibus insured ... the trial court ... or the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which recovery is had."
Conspicuously absent is any provision for attorney's fee awards for insurers.
Sections 627.736(8) and 627.428(1) provide a mandatory one-way street for attorney's fee awards in PIP cases. Had the legislature intended reciprocity it would have stated so. Certainly the legislature knows how to accomplish that result, an example of which is section 57.105(2), Florida Statutes (1997):
"If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract...."
No language which would make section 627.736(8) a two-way street for attorney's fees appears in any statute. The majority opinion simply engrafts general language from other statutes onto section 627.428(1), and thus ultimately onto section 627.736(8). This is the case notwithstanding the legislative policy behind the provision of the one-way PIP street for fees, i.e., the swap of a common law right in exchange for the certainty of monetary assistance in a time of an insured's real need. The majority opinion blithely downgrades the value to the insured of the exchange, arguing that because PIP insurers still (after the swap) have some defenses, then, ipso facto, section 627.736(8) is amended sub silencio by section 768.79, the offer of judgment statute. This causes havoc to the principle inclusio unius est exclusio alterius, as well as the principle that the more specific governs over the more general enactment.
Notwithstanding a judicial trend to "equalize" the availability of attorney's feesas witnessed by the majority opinion and its cited casesthat trend should be left to the legislature, particularly in instances heavy with policy, as the present one where insureds lose by judicial fiat a major benefit of the PIP exchange.
I would affirm.
NOTES
[1] Rule 9.030 provides in pertinent part:

(b) Jurisdiction of District Courts of Appeal.
(4) Discretionary Review. District courts of appeal, in their discretion, may review by appeal
(A) final orders of the county court otherwise appealable to the circuit court under these rules that the county court has certified to be of great public importance[.]
Fla. R.App. P. 9.030(b)(4)(A) (footnote omitted).
[2] Subsequently, U.S. Security moved for summary judgment on its material misrepresentation defense, but the trial court denied the same.
[3] Rule 1.442. Proposals for Settlement

(a) Applicability. This rule applies to all proposals for settlement authorized by Florida law, regardless of the terms used to refer to such offers, demands, or proposals, and supersedes all other provisions of the rules and statutes that may be inconsistent with this rule.
* * *
(c) Form and Content of Proposal for Settlement.
(1) A proposal shall be in writing and shall identify the applicable Florida law under which it is being made.
(2) A proposal shall:
(A) name the party or parties making the proposal and the party or parties to whom the proposal is being made;
(B) identify the claim or claims the proposal is attempting to resolve;
(C) state with particularity any relevant conditions;
(D) state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;
(E) state with particularity the amount proposed to settle a claim for punitive damages, if any;
(F) state whether the proposal includes attorney fees and whether attorney fees are part of the legal claim; and
(G) include a certificate of service in the form required by rule 1.080(f).
(3) A proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party.
[4] Section 768.79 provides in pertinent part:

(1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award. Where such costs and attorney's fees total more than the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the plaintiff's award. If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand. If rejected, neither an offer nor demand is admissible in subsequent litigation, except for pursuing the penalties of this section.
§ 768.79(1), Fla. Stat. (1997).
[5] Section 627.428 provides in pertinent part:

(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
§ 627.428, Fla. Stat. (1997).
[6] In Silva v. U.S. Security Insurance Co., 734 So.2d 429 (Fla. 3d DCA 1999), this Court accepted the certified question: "Does section 768.79 conflict with sections 624.428(1) and 627.736(8)?" The procedural posture of that case, however, precluded us from reaching the question on the merits.
[7] The "part" referred to in the statute refers to Part II of chapter 768, Negligence part II is entitled "Damages" and consists of sections 768.71-.81.
[8] Section 627.736(8) of the PIP statute provides:

Applicability of provision regulating attorney's fees.With respect to any dispute under the provisions of ss. 627.730-627.7405 between the insured and the insurer, the provisions of s. 627.428 shall apply.
§ 627.736, Fla. Stat. (1997).
[9] Specifically the court stated:

The fact that there is very specific authority in one section of chapter 947 dealing with credit for time spent on parole does not affect the Parole Commission's powers, as the control Release Authority, concerning a different program described in a separate section of that chapter.
Id. at 1222.
[10] In any event, the legislature could not have intended to preclude the applicability of the offer of judgment statute when it enacted the PIP statute because in 1971, when the PIP statutes were enacted, there was no offer of judgment statute or similar provision. See, e.g., Gay, 700 So.2d at 1221-22(since the Control Release program was not created until 1989, the legislature could not have intended to exclude Control Release violations when it enacted section 947.21(2) in 1974).

In contrast, when the "No-Fault" law was passed, there were other applicable fee authorizing statutes, such as section 57.105, Florida Statutes, which authorized fees against a party who raised a frivolous claim or defense. We have held, and Cahuasqui concedes, that 57.105 applies in PIP suits. See Pena v. Allstate Ins. Co., 523 So.2d 674, 675 (Fla. 3d DCA 1988).
[11] The court found that:

the failure to recover more than an offer of settlement does not mean that an insured that is awarded some recovery is precluded from being awarded any portion o their attorney's fees and costs.
Scottsdale Ins. Co., 748 So.2d at 944.
[12] PIP cases involve disputed issues of law and fact which must be resolved by a judge or jury. The legislature has not indicated, in the least, that the policy of encouraging the early settlement of lawsuits does not apply to contested PIP suits.
[13] Cahuasqui and the amicus curiae contend that economically challenged insureds will be deterred from filing PIP suits due to the possibility of incurring liability for the insurer's fees.
[14] Florida Rule of Civil Procedure 1.442(B) provides that a defendant may not serve an offer of judgment/proposal of settlement earlier than 90 days after service of process.
[15] Section 627.428(1) by its own terms would apply to PIP cases in the absence of section 627.736(8), as it does in any other dispute between an insured and an insurer. Hence the emphatic nature of 627.736(8).