943 So.2d 975 (2006)
Marvin DAVIS, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D06-3893.
District Court of Appeal of Florida, Fifth District.
December 8, 2006.
Marvin Davis, Bushnell, pro se.
No Appearance for Respondent.
PER CURIAM.
Petitioner, a prisoner appearing pro se, seeks a writ of habeas corpus, claiming he is entitled to immediate release because a prison sentencing specialist has incorrectly determined his tentative release date. Petitioner claims that he was sentenced to 15 years incarceration in May 1991, with jail credit of 146 days. Petitioner therefore claims that the sentence should have fully expired in the year of 2006. However, Petitioner's sentence has been extended to the year 2009 by DOC and the Florida Parole Commission, which Petitioner contends is an alteration of a judicially-imposed sentence without legal authority.
*976 Petitioner admits that he was placed on control release in 1994 and conditional release in 2004, and both his control release and conditional release were revoked, in 1998 and 2005, respectively. Upon return to prison, DOC is allowed to forfeit gain time that was earned prior to being placed on control release or conditional release. See §§ 947.141(6), 948.06(7), Fla. Stat. (2006); see also Frederick v. McDonough, 931 So.2d 1005 (Fla. 3d DCA 2006). Moreover, the time that Petitioner spent on control release and conditional release does not have to be credited against the sentence when petitioner is returned to prison. See Rivera v. Singletary, 707 So.2d 326 (Fla.1998) (parole commission has broad authority to grant or deny releasee credit for time spent on conditional release); Gay v. Singletary, 700 So.2d 1220 (Fla.1997) (releasee not entitled to credit towards sentence for time spent under control release supervision). Therefore, a 15-year sentence that was imposed in 1991 could well exceed the year 2006, as petitioner was not in prison for that entire 15-year period.
The tentative release date for Petitioner is November 9, 2009, as evidenced by the sentencing specialist's report attached to the petition, so Petitioner has not shown a clear entitlement to immediate release. As he has not shown a clear entitlement to immediate release, Petitioner should pursue his administrative remedies before seeking relief in the courts. See Fisher v. Moore, 789 So.2d 431 (Fla. 4th DCA 2001) (no error in dismissing habeas petition which claimed that DOC and Parole Commission improperly structured consecutive sentences, where defendant had failed to exhaust administrative remedies); Reed v. Moore, 768 So.2d 479 (Fla. 2d DCA 2000) (petition for writ of mandamus or habeas corpus regarding eligibility for gain time was properly denied where available administrative remedies had not been exhausted).
PETITION DENIED.
GRIFFIN, PALMER and TORPY, JJ., concur.