CANADY, C.J.,
dissenting.
In interpreting statutory provisions defining criminal acts, we are bound by a rule — codified in section 775.021(1), Florida Statutes (2000) — requiring that such statutes “shall be strictly construed” and that “when the language is susceptible of differing constructions, it shall be construed most favorably to the accused.” This “rule of lenity” only comes into play when the statutory provisions at issue “create an ambiguity or generate differing reasonable constructions.” Nettles v. State, 850 So.2d 487, 494 (Fla.2003).
The question presented by this case is whether a parent — with full custodial rights — of a child under age thirteen can properly be convicted of kidnapping that child. The appellant argues that such a conviction is precluded — at least under circumstances like those presented here — by *199 the requirement that an act of kidnapping be “against the will” of the victim. Appellant bases his argument on the provision of the kidnapping statute which states: “Confinement of a child under the age of 13 is against her or his will within the meaning of this subsection if such confinement is without the consent of her or his parent or legal guardian.” § 787.01(l)(b), Fla. Stat. (2000) (emphasis added).
I conclude that the statutory interpretation urged by the appellant cannot be rejected as an unreasonable reading of the text of the kidnapping statute. Given the is/if structure of subsection (l)(b), it is reasonable to understand the statute as establishing the absence of parental consent as a necessary condition for a determination that the confinement is “against the will” of the victim when the victim is a child under thirteen. By using the word “is” rather than language such as “may be,” the statute explicitly defines “against [the] will” of a child under the age of thirteen — for purposes of delineating the elements of kidnapping — as “without the consent of her or his parent or legal guardian.”
The majority’s alternative construction of section 787.01(l)(b) as setting forth a nonexclusive “method of proof,” majority op. at 196, is supported by neither the text of that subsection nor anything else in the text or structure of the kidnapping statute. The majority’s reading collides with the doctrine of inclusio unius est exclusio al-terius, which instructs that “when a law expressly describes the particular situation in which something should apply, an inference must be drawn that what is not included by specific reference was intended to be omitted or excluded.” Gay v. Singletary, 700 So.2d 1220, 1221 (Fla.1997). But even if it is assumed that the majority’s reading is reasonable, the rule of lenity requires the rejection of that reading in favor of the alternative reasonable reading urged by the appellant.
I reject the majority’s suggestion that we should interpret the text of the kidnapping statute based on the assumption “that if the Legislature intended to exempt a parent from criminal liability for kidnapping his own child, it would have expressly stated so.” Majority op. at 196. Such an assumption cannot be reconciled with the express rule of construction established by the Legislature in the rule of lenity. Nor can it be reconciled with general principles of statutory interpretation, including the inclusio unius canon. In applying the statutes adopted by the Legislature, we must pay careful attention to what the Legislature actually said and not substitute our own view of what we think the Legislature must have really meant to say or what it would have said if confronted with the egregious circumstances of the case at issue.
I also reject the view, which is articulated in the concurrence, that the absurdity doctrine should be applied here effectively to trump a reasonable reading of the text of the kidnapping statute and the statutory rule of lenity. Based on a policy view about appropriate punishment, the concurrence deploys the absurdity doctrine in the service of a “rule of severity.” The rationale for applying the absurdity doctrine here is singularly unpersuasive. I cannot see why it is absurd for the Legislature in effect to exempt custodial parents from criminal liability for kidnapping their own children who are under thirteen. It is by no means obvious that the kidnapping statute is aimed at protecting young children from their own custodial parents.
I therefore dissent. I would disapprove the Third District’s decision and order remand for a new sentencing hearing. I agree with the State’s argument that the sentencing court should not be precluded *200 from imposing consecutive sentences for the remaining convictions.