PER CURIAM.
This appeal raises the question whether section 947.181, Florida Statutes (1989), which grants the Parole Commission the authority to impose restitution as a condition of parole, violates the separation of powers provision of the Florida Constitution. Article II, section 3, of the Florida Constitution provides: “The powers of the state government shall be divided into legislative, executive and judicial branches. No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein.” Article IV, section 8(c), of the Florida Constitution, which deals with the executive branch of government, provides that a parole and probation commission shall be created by law and that the commission shall have the power to grant parole to persons under sentences of crime. Thus, the Parole Commission is an agency created within the executive branch,[1] and the constitution gives it, not the courts, the power to make parole determinations. Therefore, it cannot be said that section 947.181 violates the separation of powers provision by delegating a judicial task to an administrative agency.
AFFIRMED.
ERVIN, DAVIS and BENTON, JJ., concur.

. § 20.32, Fla. Stat. (1989).