791 So.2d 560 (2001)
Oscar GRAY, Appellant,
v.
STATE of Florida, et al., Appellee.
No. 5D00-2233.
District Court of Appeal of Florida, Fifth District.
August 3, 2001.
*561 Oscar B. Gray, Eustis, pro se.
Bradley R. Bischoff, Assistant General Counsel, Florida Parole Commission, Tallahassee, for Appellee, Florida Parole Commission.
No appearance for Appellee, State of Florida.
PETERSON, J.
Oscar Gray appeals the denial of his petition for writ of habeas corpus. In July, 1999, the Parole Commission released Gray from custody after he served approximately six years of a 17.5 year sentence in the Department of Corrections and placed him on conditional release until *562 March 7, 2010 pursuant to section 947.1405(6), Florida Statutes (1988).
In his petition for writ of habeas corpus, Gray sought to have section 947.1405(6) declared unconstitutional alleging that the statute authorizes the Parole Commission to exercise unbridled discretion to determine the length, conditions, and cost of supervision of conditional release and improperly delegates judicial authority to the Parole Commission, thereby violating the separation of powers doctrine.
Article II, section 3, of the Florida Constitution provides: "The powers of the state government shall be divided into legislative, executive and judicial branches. No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein." Article IV, section 8(c), of the Florida Constitution, which deals with the executive branch of government, provides that a parole and probation commission shall be created by law and that the commission shall have the power to grant parole and control or conditional release to persons under sentences of crime. The Parole Commission is an agency created within the executive branch, see Fla. Stat. § 20.32 (1988), and the constitution gives it, not the courts, the power to make parole determinations. See Harvin v. State, 690 So.2d 652, 653 (Fla. 1st DCA 1997).
Supervised release under section 947.1405(6) is a Conditional Release program administered by the Parole Commission, which has been in effect for over ten years. See Rivera v. Singletary, 707 So.2d 326, 326-27 (Fla.1998); see also Duncan v. Moore, 754 So.2d 708, 710 (Fla.2000) (citations omitted) (holding that both section 947.1405(6) and section 947.146 did not violate the constitutions' prohibitions against double jeopardy, ex post facto, due process, equal protection, or cruel and unusual punishment). Conditional Release is not an early release program like Control Release,[1] but is an additional post-prison supervision program for certain types of offenders that the Legislature has determined to be in need of further supervision after release and who are entitled to accumulated gain time. See Rivera, 707 So.2d at 327.
The Legislature has determined that habitual offenders and offenders who have committed certain types of violent offenses after having served a prior commitment to prison should receive supervision after release. See § 947.1405, Fla. Stat. (1999). This supervision should help these former inmates in bridging the gap between prison and the outside world.
Duncan 754 So.2d at 710. The Parole Commission is the agency charged with the initial responsibility for interpreting section 947.1405, which it must then apply based upon the circumstances presented by a particular inmate's record. See Andrews v. Florida Parole Comm'n, 768 So.2d 1257, 1261 (Fla. 1st DCA 2000).
We disagree with Gray's contention that section 947.1405(6) vests the Parole Commission with unlimited discretion to determine all conditions of release. The Legislature may "enact a law, complete in itself, designed to accomplish a general public purpose, and may expressly authorize designated officials within definite valid limitations to provide rules and regulations for the complete operation and enforcement of the law within its expressed general purpose." Bryan v. State, 753 So.2d 1244, 1254 (Fla.), cert. denied, 528 U.S. 1185, 120 S.Ct. 1236, 145 L.Ed.2d 1132 (2000) (quoting State v. Atlantic Coast Line R.R. Co., 47 So. 969, 976 (Fla.1908)). However, the Legislature may not delegate the power to enact a law or the right to exercise unrestricted discretion *563 in applying the law. See id. (citing B.H. v. State, 645 So.2d 987, 991-92 (Fla. 1994); Askew v. Cross Key Waterways, 372 So.2d 913, 924 (Fla.1978); Atlantic Coast, 47 So. at 969).
Review of section 947.1405 reveals that the Legislature mandated numerous conditions of supervision for certain types of offenders and many of those conditions may be imposed by either the Parole Commission or the courts. Where a power conferred by statute is not an exclusively held power exercisable by only a single branch of government, the grant of concurrent power does not violate the constitution. See Simms v. State Dept. of Health and Rehab. Servs., 641 So.2d 957 (Fla. 3d DCA 1994). Furthermore, the Parole Commission's discretion is limited in many ways. For example, there are limits placed on the costs of supervision imposed by the Parole Commission. See Fla. Stat. § 948.09(1)(a)1 (1999).[2] The statute also proscribes the length of supervision in excess of the maximum sentence imposed by the court, and the consequences for violating conditional release are limited.[3]See Fla. Stat. § 947.141(4). These limitations demonstrate that the Parole Commission does not have unbridled discretion to determine the length, conditions, and cost of supervision for those on conditional release. We conclude that section 947.1405(6) does not violate the separation of powers provision under the logic of Harvin.
The order denying Gray's petition is affirmed.
AFFIRMED.
SHARP, W., and ORFINGER, R.B., JJ., concur.
NOTES
[1] Fla. Stat. § 947.146 (1988).
[2] Section 948.09(1)(a)1 provides:

Any person ordered by the court, the Department of Corrections, or the parole commission to be placed on probation, drug offender probation, community control, parole, control release, provisional release supervision, or conditional release supervision under chapter 944, chapter 945, chapter 947, chapter 948, or chapter 958, or in a pretrial intervention program, must, as a condition of any placement, pay the department a total sum of money equal to the total month or portion of a month of supervision times the court-ordered amount, but not to exceed the actual per diem cost of the supervision. The department shall adopt rules by which an offender who pays in full and in advance of regular termination of supervision may receive a reduction in the amount due. The rules shall incorporate provisions by which the offender's ability to pay is linked to an established written payment plan. Funds collected from felony offenders may be used to offset costs of the Department of Corrections associated with community supervision programs, subject to appropriation by the Legislature (emphasis added).
[3] A person who, after a hearing is conducted, is found to have violated his conditions of supervision may forfeit all gain time, have his supervised release revoked, and be placed in the Department of Corrections; may be placed in a detention facility for up to twenty-two months before the Parole Commission restores his supervised release; or, may have his supervision reinstated. See Fla. Stat. § 947.141(4).