FRANK D. UPCHURCH, Jr., Judge.
Soundcrafters appeals from an order entered pursuant to final judgment awarding it attorney’s fees and costs. Soundcrafters contends that the amount awarded for attorney’s fees was inadequate.
After a non-jury trial, judgment was entered for Soundcrafters. Attorney’s fees and costs were awarded pursuant to the contract involved in the litigation. At a hearing on the matter, counsel for Sound-crafters produced a detailed statement reflecting 42.2 hours of work and based on an hourly rate of $100 claimed entitlement to $4,220. A local attorney testified for Soundcrafters and produced an affidavit which reflected that in his opinion, $5,500 would be a reasonable fee. Counsel for Laird cut this witness’ testimony short say *481 ing that the affidavit was sufficient and there was no need for the witness to further testify.
Counsel for Laird then requested he be allowed five days to file an affidavit from another local attorney. Over the objection of Soundcrafters, the court permitted it. This affidavit was filed with the court and averred that a competent attorney would have spent fifteen hours on the case and charged $75 per hour. This came to $1,125, the amount ultimately awarded by the court.
We conclude that the trial court erred in permitting Laird’s sole expert to testify by way of affidavit over Soundcrafters’ objection. Soundcrafters was deprived of any opportunity to cross-examine the expert as to the basis for his opinion, while Laird had been given an opportunity to cross-examine Soundcrafters’ witness. In saying this, we do not imply that the fee awarded by the trial court was inadequate, only that the procedure followed was improper.
We REVERSE and REMAND for reconsideration. See Dunn v. Sentry Insurance, 462 So.2d 107 (Fla. 5th DCA 1985).
COBB, C.J., and DAUKSCH, J., concur.