485 So.2d 2 (1986)
Michael Glenn WILEY, Appellant,
v.
Sharlene Marie WILEY, Appellee.
No. 85-38.
District Court of Appeal of Florida, Fifth District.
January 16, 1986.
As Modified on Rehearing March 20, 1986.
Sylvan A. Wells and B. Paul Katz, Daytona Beach, for appellant.
Garrett L. Briggs of Adams & Briggs, Daytona Beach, for appellee.
UPCHURCH, Judge.
Michael Wiley appeals from a final judgment dissolving his marriage to Sharlene *3 Wiley. The husband raises several points on appeal, two of which have merit.
First, the husband contends that it was error to award fees because the wife's attorney did not personally testify as to his services. At trial, attorney Garrett Briggs testified that he had reviewed the wife's case file and concluded that $3,000 to $3,500 was a reasonable fee considering the legal issues involved. Briggs also testified that Jerry Wells, the attorney for the wife, told him that he (Wells) had spent between thirty-five and sixty hours on the case. Wells, however, did not testify nor did he submit an affidavit regarding his legal services in this case. Although the husband could challenge Briggs' assessment of the case, he was denied the opportunity to challenge the reasonableness of the number of hours allegedly spent by Wells. Since there was no competent evidence detailing services performed by Wells, the award of attorney's fees is reversed and the cause remanded for a hearing on this issue. Jacobsen v. Jacobsen, 414 So.2d 34 (Fla. 5th DCA 1982); Cohen v. Cohen, 400 So.2d 463 (Fla. 4th DCA 1981).
Secondly the husband contends that the trial court erred in reserving jurisdiction to appoint a commissioner for the sale of the parties' property in the event they are unable to agree to an appropriate disposition of that property.
The final judgment provided that the husband and wife were entitled to a one-half interest in the marital residence, commercial real estate and personal property. Thus, either party, as a tenant in common, has a right to partition. That right, however, exists by virtue of law (chapter 64, Florida Statutes) and not because of the final judgment. Smith v. Smith, 464 So.2d 1287 (Fla. 5th DCA 1985). Neither party specifically asked for partition; therefore, we reverse the retention of jurisdiction by the trial court to appoint a commissioner.
As to the other points raised by the husband, we find no error and affirm.
AFFIRMED in part; REVERSED in part and REMANDED.
COBB, C.J., and COWART, J., concur.

ON MOTION FOR REHEARING
UPCHURCH, Judge.
In this court's opinion entered January 16, 1986, we reversed an award of attorney's fees because there was no competent evidence detailing the services performed by the wife's attorney and we remanded for a hearing.
We grant rehearing and modify the decision by eliminating the remand for rehearing on the issue of attorney's fees. Having failed to prove her entitlement to fees in the lower court, the wife is not entitled to a second hearing. See Stewart v. Hughes Supply, Inc., 440 So.2d 476 (Fla. 5th DCA 1983).
COBB, C.J., and COWART, J., concur.