560 So.2d 1385 (1990)
Angela Marie SAUSSY, n/k/a Angela Marie Wilson, Appellant,
v.
Thomas W. SAUSSY, Appellee.
No. 88-03073.
District Court of Appeal of Florida, Second District.
May 11, 1990.
Catherine W. Real of Muga & Real, P.A., and Catherine M. Catlin of Garcia & Fields, P.A., Tampa, for appellant.
*1386 R. Ray Brooks, Tampa, for appellee.
PARKER, Judge.
Angela Marie Saussy, n/k/a Angela Marie Wilson (wife), appeals an order awarding her attorneys' fees for only one of her attorneys. We reverse.
The wife filed a motion for attorneys' fees for work performed in litigating a modification of the final judgment of dissolution pertaining to an increase in child support and the issue of visitation. The wife retained the law firm of Muga & Real, P.A. Catherine Real and several associates performed work on the matter. In support of the wife's motion, Real filed an affidavit which contained the following information: the total amount of fees incurred and the hourly rate billed for each attorney who worked on the case. Also attached to the motion was a summary of legal services provided which contained information detailing the activity performed and the date.
At the first hearing on the motion for attorneys' fees the wife presented testimony of an expert who testified that $15,408.50 was a reasonable fee. The expert then discussed each Rowe[*] factor, including testimony that the time expended was reasonable and necessary, that the hourly rate charged for each attorney was reasonable, and that he found no duplication of attorney time. The husband presented testimony of an expert who testified that the fees claimed were excessive, that the hours expended were excessive, and that the wife's efforts to fight the visitation were excessive. At the second hearing, which was a continuation of the first hearing, each time slip was admitted into evidence, showing the date, the attorney performing the work, the activity performed, and the time expended. The trial judge admitted the time slips into evidence as business records through the testimony of Mark Neumaier, an associate attorney with Muga & Real, P.A., who appeared on behalf of the law firm as custodian of the records.
To support a fee award, there must be the following: (1) evidence detailing the services performed and (2) expert testimony as to the reasonableness of the fee. Nivens v. Nivens, 312 So.2d 201 (Fla. 2d DCA 1975). The trial court, relying on the case of Wiley v. Wiley, 485 So.2d 2 (Fla. 5th DCA 1986), ruled that the wife could not be compensated for fees incurred by any attorney who did not personally testify. We believe the trial judge misread Wiley. In Wiley the wife presented no evidence as to the services performed, and the court found that there was "no competent evidence detailing services performed by [the wife's attorney]." Wiley, 485 So.2d at 3.
In this case, there was competent evidence either filed in support of the motion or introduced at the hearing detailing the services performed by the wife's attorneys, which included an affidavit by a partner of the law firm with attached summaries of legal services provided by the firm, time slips, testimony of an associate with the firm as to his own work in the case, and testimony from an expert witness that the firm's fee and the work performed were reasonable. We find this evidence sufficient to support the award of fees for the time reasonably and necessarily spent by all attorneys who worked on the matter. Accordingly, we remand this case to the trial court to award attorneys' fees for all work reasonably performed.
Reversed and remanded.
SCHOONOVER, A.C.J., and LEHAN, J., concur.
NOTES
[*] The case of Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), as modified by Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990), establishes the method for determining the amount of reasonable attorney's fees.