734 So.2d 586 (1999)
DELTONA HOUSE RENTALS, INC., Appellant,
v.
Maureen CLOER, as parent, etc., Appellee.
No. 98-775.
District Court of Appeal of Florida, Fifth District.
June 18, 1999.
*587 Wallace W. Tudhope, of Jack, Wyatt, Tolbert & Thompson, P.A., Maitland, for Appellant.
Michael C. Huddleston, of James, Zimmerman, Paul & Huddleston, LLP., DeLand, and Darren J. Elkind, of James, Zimmerman, Paul & Huddleston, LLP., Deltona, for Appellee.
GRIFFIN, C.J.
Deltona House Rentals, Inc. ["Deltona"] appeals the order denying Deltona's motion for attorney's fees under the offer of judgment statute.[1] We reverse.
On January 13, 1993, Charles Cloer, III ["Charles"], age eleven, rode his younger sister's bicycle to visit his thirteen-year-old friend, Tiffany, on the front porch of the duplex her family rented from Deltona. He rode his bike to the front door where Tiffany approached him and stood with both hands on the handlebars. As they talked, Charles sat on the bike holding a drink in one hand, with one foot on the ground, and the other on a pedal, when he lost his balance and fell. Located on the porch as an ornament was an eagle made of cement which stood approximately 24" in height. When Charles fell, apparently either he or the bike struck the eagle, knocking it over. It tumbled onto his middle left finger, causing injury. Charles underwent surgery in 1994 to repair the damage to his finger.
Maureen Cloer, as Charles' parent and next friend, filed a complaint for negligence against Deltona, alleging that the eagle statue was a dangerous condition on their rental premises. Four months later, Deltona served an offer of judgment on Cloer in the amount of $101.00 pursuant to the offer of judgment statute, section 768.79, Florida Statutes. The offer was rejected by the plaintiff.
After some discovery, Deltona filed a motion for summary judgment. The court granted Deltona's motion finding no genuine issue of material fact that the eagle statue constituted a dangerous condition. According to the court, the "eagle statue posed no danger to anyone upon a reasonable inspection."
Cloer argued that the offer of judgment was not made in good faith in light of the child's medical bills in the amount of $7,000. Cloer argued that it would be unreasonable to believe that she would have accepted Deltona's offer:
They [Deltona] knew that she wouldn't accept $101. She wouldn't accept one dollar. That is the purpose of this statute, not to give them attorney's fees at the end if they're ultimately successful.
Deltona, however, argued that the standard to be applied was whether they had a reasonable basis to support the amount of their offer. They argued that their assessment from the commencement of the suit was that they had no liability based upon the facts of the case, a view later confirmed by the court's entry of summary judgment in their favor.
The court denied Deltona's motion. Although the court did not expressly state that the offer was not made in good faith, *588 it found that the amount of the offer was unreasonable:
... I still don't think that there was any reasonable likelihood that the Plaintiff in this case would have accepted a $101 offer, even in light of the ruling that there was no genuine and material issue of fact. And I don't think the offer was reasonably intended to effect a settlement. I would conclude that the offer was intended for one purpose and one purpose only and that was to trigger an entitlement to attorney's fees ...
The court further stated: "... I can't conceive of the Plaintiff accepting [the offer] under the circumstances, so I'm going to deny the motion anyway."
We reverse because this suit was a case of zero liability from the outset and, notwithstanding the amount of damages, the offer should have been accepted. A key purpose of the statute is to cull out such meritless cases at an early stage. The statute is intended to place the burden of proceeding with such a case on the plaintiff, not on the defendant.
We hasten to add that not every summary judgment will give rise to a fees award. Some cases, especially where the dispute is legal rather than factual, may be decided against a plaintiff on summary judgment but yet may be novel or complex or otherwise difficult to assess, and a low offer in such a case may well be found to be not a good faith offer. This is not one of those cases, however. In light of the manifest lack of liability, Deltona was not obliged to offer more than a nominal amount for its offer to be in good faith.
REVERSED and REMANDED.
THOMPSON and ANTOON, JJ., concur.
NOTES
[1] § 768.79, Fla. Stat. (1993).