783 So.2d 363 (2001)
Cynthia F. NANTS and Bruce A. Nants, etc., Appellants,
v.
Geraldine GRIFFIN and State Farm Insurance, etc., Appellee.
No. 5D00-342.
District Court of Appeal of Florida, Fifth District.
May 4, 2001.
*364 R. Lee Dorough, Orlando, for Appellants.
Elizabeth C. Wheeler of Wheeler & Wilkinson, LLP, Orlando, for Appellee.
PETERSON, J.
Cynthia and Bruce Nants appeal a final judgment awarding attorney's fees to Geraldine Griffin. Attorney's fees were awardable pursuant to section 768.79(6)(a), Florida Statutes (1997) because Griffin made an offer of judgment of $101 during the litigation and the jury entered its verdict for Griffin after determining that she was not the legal cause of Nants' alleged injuries.
An evidentiary hearing was held on Griffin's subsequent motion for costs and fees. Griffin's trial attorney, Christopher Reed, was no longer with the law firm that Griffin selected to represent her and George Stark, Reed's supervisor, represented Griffin at the hearing.
Stark testified that he was Reed's supervisor. He identified his firm's billing records and placed them into evidence as business records. He also testified that he had reviewed all of the time records and reduced the total time by 32.9 hours after considering those hours excessive. This reduced the number of hours to 152.9. An expert witness also testified that after reviewing the firm's file, 130-150 hours was a reasonable time to be spent on the defense and that $115 per hour was a reasonable rate. The court awarded $15,000 (130 hours @ $115 per hour) plus one hour of paralegal services at $50 per hour.
Nants contends that the award of attorney's fees was erroneous because the *365 trial court's conclusion that the offer of judgment was made in good faith was not supported by substantial and competent evidence. The question to be considered by the court in determining if an offer of judgment was made in good faith is whether the offer or proposal bears a reasonable relationship to the amount of damages suffered and was a realistic assessment of liability. See Evans v. Piotraczk, 724 So.2d 1210, 1211 (Fla. 5th DCA 1998). The offer need not equate with the total amount of damages that might be at issue. See id. Moreover, a minimal offer can be made in good faith if the evidence demonstrates that, at the time it was made, the offeror had a reasonable basis to conclude that its exposure was nominal. See id. at 1020; see also Deltona House Rentals, Inc. v. Cloer, 734 So.2d 586, 588 (Fla. 5th DCA 1999); Weesner v. United Servs. Auto. Assoc., 711 So.2d 1192, 1194 (Fla. 5th DCA 1998); State Farm Mut. Auto. Ins. Co. v. Marko, 695 So.2d 874 (Fla. 2d DCA 1997).
In this case, the attorneys for Griffin and State Farm, the uninsured motorist carrier, stated that the information initially supplied by Nants prior to the offers of judgment indicated questionable liability. The information included photographs of the minimal damage to Nants' vehicle, a property damage estimate, an accident report showing that there were no reported injuries at the scene, medical reports showing no permanent injury, and only $2,000 in unpaid medical bills, which were the potential responsibility of State Farm, not Griffin.[1] Furthermore, Griffin's offer of judgment was made almost two years after suit was commenced, discovery had been taken, and IME's had been obtained. Notwithstanding, Nants maintains without citations of authority that Griffin had to submit either Reed's testimony or the testimony of the person who decided to make the offer of judgment to demonstrate that the offer was made in good faith. The trial court disagreed and allowed alternative methods of proof. The court had the medical records in the court file and indicated that it remembered and was familiar with the case. Further, State Farm's attorney testified that Nants' attorney had informed him that this was not an uninsured motorist case, a witness's deposition indicated that no one was injured at the scene, and there was minimal damage to the automobile. Also, Nants' attorney admitted that Griffin had the results of the IME's at the time the offer was made. Considering this evidence, the trial court concluded that Griffin's offer was made in good faith. We find substantial and competent evidence supports the trial court's decision.
Nants also claims that there was insufficient evidence to support the reasonableness of the amount of the fees and the trial court improperly relied on affidavits to determine reasonableness. Although a court's reliance solely on affidavits to determine the reasonableness of attorney's fee constitutes error,[2] review of the record indicates that the trial court stated that it was not going to consider the affidavits. The trial court merely had the affidavits placed into the court file and declared that the affidavits were not being considered. The oral findings of the trial court clearly reflects the court's consideration of all the *366 relevant factors enumerated in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1150 (Fla.1985), modified by, Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla.1990), in making its determination.
To support a fee award, there must be evidence detailing the services performed and expert testimony as to the reasonableness of the fee. See Saussy v. Saussy, 560 So.2d 1385, 1386 (Fla. 2d DCA 1990). The applicant should present records detailing the amount of work performed and the time to perform each task. See Rowe, 472 So.2d at 1150. "Inadequate documentation may result in a reduction in the number of hours claimed, as will a claim for hours that the court finds to be excessive or unnecessary." Id. Expert testimony is required to determine both the reasonableness of the hours and a reasonable hourly rate. See Markham v. Markham, 485 So.2d 1299, 1301 (Fla. 5th DCA 1986). However, the attorney performing the work is not required to testify when there is competent evidence filed in support of the motion or introduced at the hearing detailing the services performed. See Saussy, 560 So.2d at 1386. But see Cohen v. Cohen, 400 So.2d 463 (Fla. 4th DCA 1981).[3]
Nants erroneously relies on Wiley v. Wiley, 485 So.2d 2, 3 (Fla. 5th DCA 1986) to support the assertion that where the attorney performing the services does not testify, an award of attorney's fees is improper. In Wiley, the attorney who performed the legal services did not testify or present an affidavit detailing the services performed and time spent. The only evidence supporting the award of attorney's fees to the performing attorney was the expert's testimony. This Court held that because there was no competent evidence detailing the services performed by Wiley's attorney, the award of attorney's fees was improper. See Wiley, 485 So.2d at 3 (emphasis added).
The instant case is similar to Saussy. Reed, before withdrawing from the law firm representing Griffin, filed his affidavit with the trial court attaching time sheets and a detailed billing statement as business records. Additionally, Stark authenticated the time slips and billing records as those kept in the normal course of the firm's business and he testified that he had reviewed the records, determined that he thought the trial preparation time was excessive, and had reduced the amount of time accordingly. The expert witness also testified that he reviewed the files, pleadings, billing statements, and time slips and concluded that the work Reed billed and claimed he performed was actually performed. He concluded that a reasonable number of hours to handle this type of case, which included four days at trial would be between 130 and 150 hours. He also indicated that a reasonable fee was $115 per hour. Indeed, Nants does not object to the total number of hours awarded in what Nants called an "extensively litigated case," but only claims that there was insufficient evidence to demonstrate the reasonableness of the award. At the hearing, Nants stipulated and had no objection to the expert's qualifications and indicated that he was familiar with the expert's work, reputation, and ability. Now, on appeal, Nants claims that Bogan's testimony as an expert falls short of that *367 expert testimony which is required when attorney's fees are contested. This assertion is unfounded based upon the record and Nants' failure to object to the qualifications at trial.
The record supports both the award of attorney's fees and the reasonableness of the amount.
AFFIRMED.
GRIFFIN and ORFINGER, R.B., JJ., concur.
NOTES
[1] During the hearing, State Farm's attorney indicated that the propriety of these bills was questionable because there was a lapse in Nants' treatment and Nants had been involved in two subsequent accidents. This was not disputed by Nants' attorney.
[2] See generally Michael A. Polesso, Inc. v. Williams, 582 So.2d 96 (Fla. 5th DCA 1991); Soundcrafters, Inc. v. Laird, 467 So.2d 480 (Fla. 5th DCA 1985).
[3] In Cohen, the Fourth District incorrectly applied Lyle v. Lyle, 167 So.2d 256, 257 (Fla. 2d DCA 1964) and held that the attorney who had performed the legal services was required to testify at a hearing in which attorney's fees were contested. The Fourth District has continued to follow this interpretation of Lyle and has held that the performing attorney must testify.