860 So.2d 1 (2003)
Jason Thomas SHORTES, Appellant,
v.
Leon M. HILL and Twila C. Hill, Appellee.
Nos. 5D02-2571, 5D02-3564.
District Court of Appeal of Florida, Fifth District.
August 1, 2003.
Opinion Denying Rehearing October 3, 2003.
Sidney L. Syna, Melbourne, for Appellant.
Robert R. Berry of Eisenmenger, Berry & Peters, P.A., Melbourne, for Appellee.
ORFINGER, J.
Jason T. Shortes appeals a final judgment on his counterclaim in favor of Leon M. Hill and Twila C. Hill. We affirm without comment. Shortes, and his attorney, Sidney Syna, also appeal an order assessing attorney's fees against them pursuant to section 57.105, Florida Statutes (2001). We reverse.
Following overly contentious litigation concerning what should have been a relatively simple mortgage foreclosure proceeding, the trial court awarded section 57.105 fees in equal shares against Shortes and Syna for work performed by the Hills' attorney in defense of Shortes's counterclaim.[1]
*2 The order awarding fees made no express finding that Shortes's counterclaim was not supported by material facts, or by the application of then-existing law to the material facts as required by section 57.105(1). Further, the order is not supported by substantial, competent evidence. The Hills' attorney did not testify as to the number of hours spent in defense of the counterclaim or the fee agreement with his client as required. See Wiley v. Wiley, 485 So.2d 2 (Fla. 5th DCA 1986). While the Hills' attorney proffered his time records, because Shortes objected to this procedure, without supporting testimony from the attorney, the affidavits should not have been considered by the trial court. "A finding that a party is entitled to recover attorney's fees under section 57.105 must be based on substantial, competent evidence presented at the hearing on attorney's fees or otherwise before the court and in the record." Mason v. Highlands County Bd. of County Comm'rs, 817 So.2d 922, 923 (Fla. 2d DCA 2002). Having failed to prove entitlement to fees in the trial court, the Hills are not entitled to a second hearing. Wiley, 485 So.2d at 3.
What makes this otherwise unremarkable case noteworthy are the vitriolic comments about the trial judge contained in the appellate brief filed by Sidney L. Syna, Shortes's attorney. Some of Syna's more notable comments were:
There is also no question that plaintiffs pursued collection efforts against this defendant on a personal liability basis both before suit and continued to do so in the lawsuit for more than one year, from April 2, 2000 to June, 2001. Was this the pursuit of madness to a friendly court?

* * *
It's true that there was no record made or presented as to the proceedings of the December 14, 2001 court hearing. However, it is submitted that something far off and out of line had to be involved to block what should have been a clear and obvious decision.

(emphasis added). These comments, without any record support, appear to make unsubstantiated charges of collusion or impropriety against the trial judge. Such charges, if unsupported, are unprofessional.
Rule 4-8.2(a) of the Rules of Professional Conduct provides:
(a) Impugning Qualifications and Integrity of Judges or Other Officers. A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge, mediator, arbitrator, adjudicatory officer, public legal officer, juror or member of the venire, or candidate for election or appointment to judicial or legal office.
Rule 4-8.2 is intended to preserve confidence in the judicial system and prevent disrespect for the law, not to protect judges from criticism. As the supreme court explained in The Florida Bar v. Ray, 797 So.2d 556, 558-60 (Fla.2001):
[Et]hical rules that prohibit attorneys from making statements impugning the integrity of judges are not to protect judges from unpleasant or unsavory criticism. Rather, such rules are designed to preserve public confidence in the fairness and impartiality of our system of justice. See Kentucky Bar Ass'n v. Waller, 929 S.W.2d 181, 183 (Ky. 1996).... Because members of the Bar are viewed by the public as having *3 unique insights into the judicial system, the state's compelling interest in preserving public confidence in the judiciary supports applying a different standard than that applicable in defamation cases. For this reason, we, like many other courts, conclude that in attorney disciplinary proceedings under rule 4-8.2(a), the standard to be applied is whether the attorney had an objectively reasonable factual basis for making the statements. See United States Dist. Court v. Sandlin, 12 F.3d 861, 864, n. 1 (9th Cir.1993).
* * *
Our resolution of this case does not limit an attorney's legitimate criticism of judicial officers; we simply hold that an attorney must follow the Rules of Professional Conduct when so doing. Although attorneys play an important role in exposing valid problems within the judicial system, statements impugning the integrity of a judge, when made with reckless disregard as to their truth or falsity, erode public confidence in the judicial system without assisting to publicize problems that legitimately deserve attention. See State ex rel. Oklahoma Bar Ass'n v. Porter, 766 P.2d 958, 969 (Okla.1988) ("Members of the Bar possess, and are perceived by the public as possessing, special knowledge of the workings of the judicial branch of government. Critical remarks from the Bar thus have more impact on the judgment of the citizen than similar remarks by a layman would be calculated to have.").
Syna further wrote that the trial judge's ruling was "cockeyed and absurd" and demonstrated a "most startling absence of legal knowledge and irrational decision...." (emphasis added). The Oath of Admission to the Florida Bar requires lawyers to "maintain the respect due to courts of justice and judicial officers" and to "abstain from all offensive personality." Syna's comments fall far below that standard and are demeaning and patently unprofessional. Such statements, made without any supporting facts, embarrass and denigrate our profession. Therefore, pursuant to the mandate in 5-H Corp. v. Padovano, 708 So.2d 244 (Fla.1997), we direct that the Clerk of this Court provide a copy of this opinion to the Florida Bar.
AFFIRMED IN PART, REVERSED IN PART.
SHARP, W., concurs.
PLEUS, concurs and concurs specially, with opinion.
PLEUS, J., concurring and concurring specially.
I concur wholeheartedly with Judge Orfinger's comments concerning the unprofessional conduct of Sidney L. Syna. In my view, the trial court would be justified in holding Syna in contempt. It is my hope The Florida Bar will take prompt and decisive action.

ON MOTION FOR REHEARING
PER CURIAM.
We deny Jason T. Shortes's motion for rehearing but direct that the Clerk of this Court provide a copy of the motion to The Florida Bar.
DENIED.
PLEUS and ORFINGER, JJ., concur.
SHARP, W., J., concurs specially, with opinion.
SHARP, W., J., concurring specially.
I agree the "Appellants' Motion for Rehearing of Court's Opinion of August 1, 2003," filed by Shortes' appellate attorney, *4 Sidney L. Syna, should be denied. However, I submit that in so doing, more background should be stated, particularly in view of this court's decision to refer Syna's rehearing motion to The Florida Bar.
Shortes appealed from a final summary judgment denying relief on his counterclaim against the Hills, and granting attorney's fees to the Hills for defense of the counterclaim. As to the latter issue, this court reversed the award of attorney's fees on the grounds that the trial judge made no findings that the counterclaim lacked merit, and that the Hills failed to prove their entitlement to fees (time spent by their attorney in defense and their fee agreement with their attorney, etc.).
Thus, Shortes and his attorney partially prevailed on this appeal. However, it does not serve their cause, in their motion for rehearing, to repeat some of the same castigations of the two trial judges below which were stated in their appellate brief, or to add inferences similarly attacking this court's ruling in this case.
Trial judges as well as appellate judges can make mistakes and misstate the law without being collusive or corrupt. Attorneys should limit their pleadings and briefs to addressing the legal errors. It is unprofessional to make or imply such charges, no matter how clearly wrong the ruling. While I agree with Shortes and his attorney that the trial court erred early in this case by not dismissing the Hills' count in the foreclosure suit asserting Shortes' personal liability on the promissory note executed by Shortes' father, it is not clear from this record that Shortes properly raised this issue. In any event, the trial court ultimately dismissed that count long before this appeal was taken.
I also agree that had Shortes filed a motion for attorney's fees based on section 57.105 seeking recovery for costs and fees relating to the defense of the personal liability claim, he could likely have been awarded fees. Shortes filed a two-count counterclaim against the Hills, one count of which asked for an award of attorney's fees, because there was no legal basis for the Hills to establish Shortes' personal liability on the promissory note involved in the foreclosure action. Thus, Shortes properly pled his claim for fees pursuant to Caufield v. Cantele, 837 So.2d 371 (Fla. 2002).
But, this count does not state a cause of action against the Hills. A party must file a motion for attorney's fees pursuant to section 57.105, Florida Statutes (2001). Further, Shortes also failed to file a timely motion for attorney's fees and costs in compliance with Florida Rule of Civil Procedure 1.525.
The other count pled in Shortes' counterclaim also failed to state a cause of action for harassment or invasion of privacy. See Metropolitan Life Ins. Co. v. McCarson, 467 So.2d 277, 278 (Fla.1985); Ponton v. Scarfone, 468 So.2d 1009 (Fla. 2d DCA 1985). Shortes also argues, on appeal, that this count states a cause of action under section 559.72(9). Because it was not presented to the trial court, we should not, and did not, consider this issue on appeal. In sum, there was some mis-lawyering on both sides of this "over-litigated" foreclosure lawsuit,[1] but nothing justifies the unprofessional behavior of the attorney for Shortes in this appeal.
NOTES
[1] The Hills' appellate counsel did not represent them in the proceedings below.
[1] The appellee's appellate attorney was not their trial counsel.