889 So.2d 97 (2004)
Diane G. GURNEY, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE, etc., Appellee.
No. 5D03-134.
District Court of Appeal of Florida, Fifth District.
November 19, 2004.
Steven L. Barcus, Altamonte Springs and Keith R. Mitnik of Morgan Colling & Gilbert, Orlando, for Appellant.
Beth A. Moriarty and Elyce Schweitzer of Moriarty & Monroe, Maitland, for Appellee.
*98 PER CURIAM.
This is an appeal by Diane Gurney from a final judgment rendered by the Orange County Court awarding State Farm Mutual Automobile Insurance Company attorney's fees and costs. The fee and cost judgment emanates from an unsuccessful suit filed by Gurney to recover personal injury protection benefits (PIP) under her insurance policy issued by State Farm. In a subsequently-rendered order, the county court certified the following two questions to be of great public importance:
1) Is the proposal for settlement/offer of judgment statute, Florida Statute § 768.79 applicable to PIP actions?
2) Under what circumstances does a nominal proposal for settlement/offer of judgment qualify as a good faith offer for imposition of fees as a sanction?
This court accepted jurisdiction pursuant to Florida Rule of Appellate Procedure 9.160(e)(2).
In March 1996, Gurney was stopped in a fast food take-out lane when her vehicle was rear-ended. Gurney incurred approximately $7,000 in medical expenses for treatment to her neck and spine for the injuries she allegedly sustained in that accident. Although she waited approximately seven months before she sought treatment, Gurney was eventually treated by several doctors, including Dr. Reginald Tall of the Jewett Orthopaedic Clinic.
Gurney's PIP carrier, State Farm, sent her for an independent medical examination in February 1997. Dr. Craig Jones concluded that future treatment of Gurney's neck and spine was not reasonable, necessary, or related to the accident. Based upon this report, State Farm ended Gurney's orthopedic benefits in March 1997.
Gurney filed her complaint in county court in April 1997, asserting claims for PIP benefits for her treatments at Jewett and for services rendered at both the Center for Diagnostic Imaging and Florida Hospital. State Farm sent a proposal for settlement of $1,750, which amount was to include all medical benefits, interest, and attorneys fees and costs. An identical, alternative, offer of judgment was also made. Gurney moved to strike the proposal and offer on the basis that the amount offered was not reasonable given that approximately $7,000 in medical bills remained unpaid and some 67 hours of attorney time had been invested. No hearing was held on this motion to strike.
Following a jury trial, the jury found that none of Gurney's medical bills were related to the accident and rendered a verdict in State Farm's favor. Initially, the court entered a partial directed verdict in favor of Gurney for $1,256. However, upon State Farm's appeal, the circuit court reversed the county court's partial directed verdict and remanded. Final judgment was entered making State Farm the complete victor in the suit.
State Farm filed a motion to tax costs and fees, citing its proposal for settlement and offer of judgment. Gurney contested the applicability of a proposal for settlement in a PIP case and argued that the proposal had not been made in good faith. Several hearings were held. The court, concluding it was "bound by the only district court of appeal decision on this issue," applied U.S. Security Insurance Co. v. Cahuasqui, 760 So.2d 1101 (Fla. 3d DCA 2000), and held that the proposal did, in fact, apply. It also found that "the proposal for settlement in the amount of $1,750.00 was made in good faith."[1] The *99 total awarded to State Farm was $53,763.82.
Following entry of the final judgment, Gurney moved the county court to certify the above-quoted questions as being of great public importance. The county court certified its questions in December 2002. In June 2003, this court issued Nichols v. State Farm Mutual, 851 So.2d 742 (Fla. 5th DCA 2003), review granted, SC03-1483 (Aug. 27, 2003), and review granted, SC03-1653 (Sept. 11, 2003), wherein this court answered the first certified question in the affirmative and held that an insurer such as State Farm may recover attorney's fees pursuant to an offer of judgment or proposal of settlement in an action filed by its insured to recover PIP benefits.
As to the second certified question, this court in Nants v. Griffin, 783 So.2d 363 (Fla. 5th DCA 2001), discussed the test to be applied in determining whether an offer of judgment was made in good faith:
Nants contends that the award of attorney's fees was erroneous because the trial court's conclusion that the offer of judgment was made in good faith was not supported by substantial and competent evidence. The question to be considered by the court in determining if an offer of judgment was made in good faith is whether the offer or proposal bears a reasonable relationship to the amount of damages suffered and was a realistic assessment of liability. See Evans v. Piotraczk, 724 So.2d 1210, 1211 (Fla. 5th DCA 1998). The offer need not equate with the total amount of damages that might be at issue. See id. Moreover, a minimal offer can be made in good faith if the evidence demonstrates that, at the time it was made, the offeror had a reasonable basis to conclude that its exposure was nominal. See id. at 1210; see also Deltona House Rentals, Inc. v. Cloer, 734 So.2d 586, 588 (Fla. 5th DCA 1999); Weesner v. United Servs. Auto. Assoc., 711 So.2d 1192, 1194 (Fla. 5th DCA 1998); State Farm Mut. Auto. Ins. Co. v. Marko, 695 So.2d 874 (Fla. 2d DCA 1997).
Id. at 364-65; see also Schmidt v. Fortner, 629 So.2d 1036, 1039 (Fla. 4th DCA 1993) ("We do not understand the good faith requirement of section 768.79(7)(a), however, to demand that an offeror necessarily possess, at the time he makes an offer or demand under the statute, the kind or quantum of evidence needed to support a judgment. The obligation of good faith merely insists that the offeror have some reasonable foundation on which to base an offer."). The good faith inquiry requires a trial court to review the facts and circumstances known to the offeror at the time it made the offer. See Fox v. McCaw Cellular Communications of Fla., Inc., 745 So.2d 330, 333 (Fla. 4th DCA 1998). Whether an offer is made in good faith is a matter of discretion with the trial court after considering the circumstances at the time the offer was made. Fox. Hence our standard of review is whether the trial court abused its discretion. See Ryan v. Lobo De Gonzalez, 841 So.2d 510, 521 (Fla. 4th DCA), review granted, 854 So.2d 660 (Fla.2003); Alexandre v. Meyer, 732 So.2d 44, 45 (Fla. 4th DCA 1999) (noting the standard of review on a finding that an offer is not made in good faith is whether the trial court abused its discretion). Finally, *100 it must be noted that the burden is on the offeree, here Gurney, to prove the absence of good faith. Schmidt, 629 So.2d at 1041.
The county court, after hearing all the evidence and testimony, concluded that the proposal for settlement was made in good faith. It cited the amount of property damage "and other evidence which State Farm had received prior to the Proposal of Settlement, including the medical records of her family physician and the IME report of Craig Jones, M.D. ...." These were appropriate considerations for making the good faith determination. Because we conclude that no abuse of discretion has been demonstrated in the court's conclusion, there is no basis for reversing the award of fees.
As far as specifically addressing the question asking under what circumstances does a nominal proposal for settlement/offer of judgment qualify as a good faith offer for imposition of fees as a sanction, the answer must be that it depends on the facts and circumstances of the case existing at the time the offer is made, just as this court set out in Nants and the cases cited therein. Nants, 783 So.2d at 365-66.
The first certified question regarding the applicability of the proposal for settlement in PIP cases is answered in the affirmative in accordance with Nichols. The second certified question is answered in accordance with our prior decision in Nants. Concluding that no abuse of the county court's discretion in finding good faith has been demonstrated by Gurney, we affirm the judgment under review and remand this case to the trial court.
We certify, as a matter of great public importance, the same issue previously certified to the Florida Supreme Court in Nichols.
AFFIRMED and REMANDED. QUESTION CERTIFIED.
PALMER and ORFINGER, JJ., concur.
SAWAYA, C.J., concurs in part, dissents in part, with opinion.
SAWAYA, C.J., concurring in part, dissenting in part.
I concur in that part of the majority opinion that answers the second certified question in accordance with Nants v. Griffin, 783 So.2d 363 (Fla. 5th DCA 2001), and holds that the offer of judgment was made in good faith.
I dissent from that part of the majority opinion that answers the first certified question in the affirmative and holds the offer of judgment statute found in section 768.79, Florida Statutes, does apply to PIP cases. For the reasons expressed in my concurring and dissenting opinion in Nichols v. State Farm Mutual, 851 So.2d 742 (Fla. 5th DCA 2003), review granted, SC03-1483 (Aug. 27, 2003), and review granted, SC03-1653 (Sept. 11, 2003), I firmly believe that the offer of judgment should not be applied to PIP cases.
NOTES
[1] The trial court cited several Florida decisions that found offers of judgment for lesser amounts were made in good faith. Allstate Ins. Co. v. Silow, 714 So.2d 647 (Fla. 4th DCA 1998) (finding $100 offer in U.M. case in good faith based upon IME report); Weesner v. United Servs. Auto. Ass'n, 711 So.2d 1192 (Fla. 5th DCA 1998) (finding $100 offer in uninsured motorist coverage case to be made in good faith), review denied, 727 So.2d 914 (Fla.1999); State Farm Mut. Auto. Ins. Co. v. Marko, 695 So.2d 874 (Fla. 2d DCA 1997) (finding $1.00 offer in uninsured motorist coverage case in good faith).