906 So.2d 297 (2005)
Ron SCHULTZ, etc., Appellant/Cross-Appellee,
v.
TIME WARNER ENTERTAINMENT COMPANY, etc., et al, Appellee/Cross-Appellant.
Nos. 5D03-2026, 5D03-2036.
District Court of Appeal of Florida, Fifth District.
March 4, 2005.
Rehearing Denied July 11, 2005.
Denise A. Lyn of Lyn Phipps, P.A., Inverness, for Appellant/Cross-Appellee.
John P. Harllee, III, and Kimberly A. Bald of Harllee Bald, P.A., Bradenton, for Appellee/Cross-Appellant.
THOMPSON, J.
Ron Schultz, as Citrus County Property Appraiser ("Schultz"), appeals post-trial orders awarding Time Warner Entertainment Company, L.P. ("Time Warner") attorney's fees and costs. Time Warner cross-appeals, contending that the trial court erred when it granted Schultz's motion for relief from the initial cost judgment and entering an amended cost judgment after the time to appeal the initial judgment had expired. We affirm.
Time Warner challenged property taxes for the years 1994 through 1999 on the *298 ground that Schultz failed to apply the proper methodology in arriving at the assessments. Schultz utilized the "unit method" to make the assessment, and Time Warner alleged that this method was unconstitutional. The proceedings were informally abated from 1997 until 1999 while a case concerning unit method valuation was pending before the Florida Supreme Court. Attorneys for the parties indicated that the supreme court's decision in the case would be dispositive of the issues pending before the court. Subsequently, the supreme court held in Havill v. Scripps Howard Cable Co., 742 So.2d 210, 214 (Fla.1998), that the unit method valuation was unconstitutional method for use with cable television companies. During the case management conferences, Schultz's attorney represented to the court that the matter would proceed to trial on the valuation of Time Warner's property using the cost method approved in Scripps Howard.
Despite the holding in Scripps Howard and the representation that the cost approach method would be used, Schultz continued to argue that the unit method of valuation was correct. After a trial, the trial court entered a final judgment in favor of Time Warner. Time Warner filed post-trial motions for attorney's fees pursuant to sections 57.105(1)-(3), Florida Statutes,[1] arguing that Schultz's unit method of valuation was declared unconstitutional in Scripps Howard, and that by 30 December 1999, Schultz should have known that the assessment of Time Warner's Property was based upon a method declared unconstitutional. The trial court awarded Time Warner $102,683.96 in costs and $185,000 in attorney's fees from December 1999.[2]
Schultz argues that the trial court should have provided additional written fact-findings indicating a basis for its decision to award attorney's fees pursuant to section 57.105. We affirm the order finding it contains sufficient findings of fact. *299 Adlow, Inc., v. Mauda, Inc., 632 So.2d 714 (Fla. 5th DCA 1994) (holding that an order setting attorney's fees must contain appropriate findings of fact to support an award pursuant to section 57.105(1)). We find that there was substantial, competent evidence presented to support the trial court's order. Shortes v. Hill, 860 So.2d 1 (Fla. 5th DCA 2003). The remaining points raised by Schultz concerning the fee are either without merit or not preserved for review.
Schultz next argues that because the appeal of the final judgment was pending, the trial court's award of litigation costs was premature.[3] We disagree. Once an appeal is taken, the appellate court's jurisdiction is exclusive, and the trial court no longer has jurisdiction to adjudicate any matter except attorney's fees and costs. Emerald Coast Communications, Inc., v. Carter, 780 So.2d 968, 969 (Fla. 1st DCA 2001) (emphasis supplied); see also Roberts v. Askew, 260 So.2d 492 (Fla.1972) ("We now hold that costs may be adjudicated after final judgment, after the expiration of the appeal period, during the pendency of an appeal, and even after the appeal has been concluded."). Thus, we conclude the trial court had the authority to impose costs.
On cross-appeal, Time Warner argues that the trial court abused its discretion in granting Schultz's motion for relief from the initial cost judgment and entering the amended cost judgment. After the trial, Schultz appealed the judgment awarding costs, but the appeal was dismissed because the notice of appeal was untimely filed. Thereafter, Schultz moved to set aside the final judgment awarding cost. Schultz requested the trial court to set aside its judgment for costs because the conformed copies of the judgment received by its attorney showed the date of service but not the date of rendition. There was a three-day difference, and the notice of appeal was filed late. Schultz argued that because of an error in the clerk's office, Schultz should be granted relief from the cost judgment.
Time Warner contends that the Schultz did not provide a legal basis for relief and did not show excusable neglect. Time Warner argues that the fact the attorney did not verify the date the judgment was signed after he was properly served with the copy is not a legal reason for relief. The rendition date of the judgment is the date from which the right to appeal commences, and the attorney should have determined when that occurred. See Turner v. State, 557 So.2d 939 (Fla. 5th DCA 1990); O'Country v. Town Sandwich Shop, 332 So.2d 648, 649 (Fla. 3d DCA 1976). The trial court granted Schultz relief pursuant to rules 1.540(a) and (b), Florida Rules of Civil Procedure.[4]
Generally, the standard of review of an order entered pursuant to Rule 1.540 is a gross abuse of discretion. Tilden Groves Holding Corp. v. Orlando/Orange County Expressway, 816 So.2d 658 (Fla. 5th DCA 2002). It is the *300 duty of the trial court, not the appellate court, to determine whether the facts presented constitute excusable neglect, mistake, or inadvertence under Rule 1.540. Schwab & Co., Inc. v. Breezy Bay, Inc., 360 So.2d 117, 118 (Fla. 3d DCA 1978). The trial court's discretion is broad, and there must be a showing of gross abuse of discretion to reverse the trial court's ruling. Id. at 118. In this case, the trial court granted relief pursuant to rule 1.540 by finding that by oversight, the court clerk failed to note the date of rendition when preparing copies prior to mailing them.
We cannot say the trial court abused its discretion.
AFFIRMED.
SHARP, W. and MONACO, JJ., concur.
NOTES
[1] Section 57.105, Florida Statutes, provides in part:

Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing law to those material facts.
(2) Paragraph (1)(b) does not apply if the court determines that the claim or defense was initially presented to the court as a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law, as it applied to the material facts, with a reasonable expectation of success.
(3) At any time in any civil proceeding or action in which the moving party proves by a preponderance of the evidence that any action taken by the opposing party, including, but not limited to, the filing of any pleading or part thereof, the assertion of or response to any discovery demand, the assertion of any claim or defense, or the response to any request by any other party, was taken primarily for the purpose of unreasonable delay, the court shall award damages to the moving party for its reasonable expenses incurred in obtaining the order, which may include attorney's fees, and other loss resulting from the improper delay.
[2] There is no dispute as to the amount of attorney's fees because the parties agreed upon the fee. Schultz only seeks review of the determination of whether Time Warner is entitled to attorney's fees. The amount of the costs in the initial judgment and the amended judgment are the same.
[3] In Schultz v. Time Warner Entertainment Company, L.P., 861 So.2d 466 (Fla. 5th DCA 2003), we held that the trial court erred in concluding that "exterior cable drops" were not taxable and reversed, but affirmed the trial court's holdings in all other aspects.
[4] Florida Rule of Civil Procedure 1.540, provides:

Relief from Judgment, Decrees, or Orders (a) Clerical Mistakes. Clerical mistakes in judgments, decrees, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or motion of any party and after such notice, if any, as the court orders. During pendency of an appeal such mistakes may be so corrected before the record on appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.
(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: 1) mistake, inadvertence, surprise or excusable neglect. . . .