PER CURIAM.
We affirm the trial court’s determination that Appellees were entitled to an' award of attorneys’ fees and costs for having to file a motion for protective order and for having to respond to a motion to compel” discovery. However, it was error for the trial court to award attorneys’ fees without making findings concerning the' reasonableness of either the hourly rate or the number of hours expended. See Parton v. Palomino Lakes Prop. Owners Ass’n, Inc., 928 So.2d 449, 453 (Fla. 2d DCA 2006) (holding that an order awarding fees without making specific findings about the hourly rate, and the number of hours reasonably expended was fundamentally flawed); Morton v. Heathcock, 913 So.2d 662, 669 (Fla. 3d DCA 2005) (requiring fee awards to be supported by evidence detailing the nature and extent of the services performed and by expert testimony regarding the reasonableness of the fee); Nants v. Griffin, 783 So.2d 363, 366 (Fla. 5th DCA 2001) (holding that the moving party should submit time sheets and der tailed billing statements to establish the amount'of work performed and the time to perform each task). Accordingly, we reverse the award of attorneys’ fees and remand for further proceedings consistent with this opihion.
AFFIRMED in part, REVERSED in part, and REMANDED.
WOLF, KELSEY, and JAY, JJ., CONCUR.