IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

RONALD HOROWITZ,

       Appellant,

v.

ROSSDALE CLE, INC.,

       Appellee.

_____/

Case No. 5D21-2738
LT Case Nos. 2017-SC-000086,
           2019-AP-000001

Opinion filed February 17, 2023

Appeal from the County Court
for Flagler County,
D. Melissa Distler, Judge.

Ronald Horowitz, Palm Coast, pro se.

Jordan A. Dresnick, Miami, for
Appellee.

JAY, J.

In this case from the small claims division of the county court, the court

dismissed Appellant's complaint and ordered him to pay attorney's fees

pursuant to section 57.105, Florida Statutes (2019). We affirm the dismissal

of the complaint without further discussion. However, we reverse the award of attorney's fees.

Among his arguments for reversal, Appellant maintains that the court's fee award was not supported by competent, substantial evidence. Normally, the lack of a hearing transcript would preclude review of this issue. *See Lizardi v. Federated Nat'l Ins. Co.*, 322 So. 3d 184, 190 (Fla. 2d DCA 2021). Here however, the face of the order, which includes an inventory of the evidence presented at the hearing, shows that Appellee ("Rossdale") failed to present the evidence necessary to receive an attorney fee award. Thus, review is possible. *See Biss v. Biss*, 292 So. 3d 846, 847 (Fla. 5th DCA 2020) (noting that the lack of a transcript does not prevent the court from addressing errors that appear on the face of the record); *see also Phillips v. Phillips*, 1 So. 2d 186, 188 (Fla. 1941) (recognizing that statements in a trial court's judgment are presumed to be accurate unless they are contradicted by other parts of the record).

I.

An award of attorney's fees under section 57.105 must be supported by competent, substantial evidence. *See Shortes v. Hill*, 860 So. 2d 1, 2 (Fla. 5th DCA 2003). This evidence should include "records detailing the amount of work performed and the time to perform each task" as well as expert

2

testimony to establish "both the reasonableness of the hours and a reasonable hourly rate." *Nants v. Griffin*, 783 So. 2d 363, 366 (Fla. 5th DCA 2001). But the attorney who performed the work "is not required to testify when there is competent evidence filed in support of the motion or introduced at the hearing detailing the services performed." *Id.*

In this case, the order indicates that the court received the following evidence from Rossdale: affidavits from two fee experts, testimony from one of those experts, an affidavit from Rossdale's Counsel—which Rossdale did not file until "after the conclusion of the hearing"—and two other documents. The court's order describes the first of those documents as "an exhibit which purports to be an unsworn timesheet with no other title or description," and the second as "a document titled Defendant's calculation of fees & costs against Plaintiff following the Court's granting of attorney's fees." The court noted that the second document, while declaring to be under penalty of perjury, did not otherwise comply with the requirements for an affidavit.

The court went on to note that no corporate representative for Rossdale testified and that "[t]here was never any retainer agreement or billing submitted." The court then attempted to complete a *Rowe*[1] analysis,

---

[1] *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985) (identifying the factors that a court is to consider when deciding whether requested attorney's fees are reasonable). Here, it was proper to use the

but as to several of the factors, it indicated that the factor was "unknown due to lack of evidence." And before decreeing its calculated fee award, the court acknowledged that Appellant's "point regarding the lack of competent substantial evidence as to [Counsel for Rossdale's] actual hourly rate and hours expended is well taken."

Thus, the court did not have an adequate evidentiary foundation to calculate a reasonable amount of fees to award Rossdale. *See Nants*, 783 So. 2d at 366; *see also Schreiber v. Schreiber*, 331 So. 3d 874, 877 (Fla. 5th DCA 2021) ("In the instant case, Former Wife presented solely expert testimony of fees; there was no properly authenticated fee affidavit or testimony from any of Former Wife's attorneys, nor did Former Wife introduce

---

*Rowe* factors to evaluate the reasonableness of the requested fee. Section 57.105(1) allows a court to award "reasonable" attorney's fees. This is the same term that appears in the statute that was at issue in *Rowe*, which predates section 57.105 by several years. Therefore, as the Fourth DCA observed in *Safeco Insurance Co. of Illinois v. Heikka*, 294 So. 3d 324, 332 (Fla. 4th DCA 2020), the prior construction canon applies. *See Fla. Highway Patrol v. Jackson*, 288 So. 3d 1179, 1182–83 (Fla. 2020) ("The prior construction canon teaches that, 'when judicial interpretations have settled the meaning of an existing statutory provision, repetition of the same language in a new statute indicates, as a general matter, the intent to incorporate its judicial interpretations as well.'" (quoting *Rowe v. N.H. Motor Transp. Ass'n*, 552 U.S. 364, 370 (2008))); *see also Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801 (2019) ("Our conclusion rests on a longstanding interpretive principle: When a statutory term is 'obviously transplanted from another legal source,' it 'brings the old soil with it.'" (quoting *Hall v. Hall*, 138 S. Ct. 1118, 1128 (2018))).

into evidence, or even proffer, any time sheets or billing records from any of Former Wife's attorneys. Former Wife's failure to adduce competent evidence of fees resulted in a complete lack of evidence on which a fee award could properly be based and requires reversal." (footnote omitted)).

## II.

As for whether Rossdale should have another opportunity to present the required evidence on remand, this court "has consistently held that a party must have presented some competent evidence of fees at the fee hearing in order to justify remand for another opportunity to prove fees after reversal." *Schreiber*, 331 So. 3d at 878; *see Warner v. Warner*, 692 So. 2d 266, 268 (Fla. 5th DCA 1997) ("Remand for the requisite [*Rowe*] findings is not appropriate here because the wife failed to bring forth any evidence to support such findings."). Here, the only evidence that Rossdale timely presented was the testimony of its expert—along with his affidavit and the affidavit of a second fee expert who did not testify—and the two non-affidavit documents described above. There was no viable affidavit from Rossdale's Counsel because he did not file his affidavit until "after the conclusion of the hearing."[2] And neither he nor any other member of Rossdale's legal team

---

[2] Under the facts of this case, relying on the untimely affidavit would be error. *See Michael A. Polesso, Inc. v. Williams*, 582 So. 2d 96 (Fla. 5th DCA 1991) (finding that the trial court erred by determining attorney's fees "merely

5

testified at the hearing. Without such evidence, the court had no basis for calculating a fee award because no witness provided testimony authenticating any sworn billing records that detailed the nature and volume of the legal work completed. *See Nants*, 783 So. 2d at 366.

Under comparable facts, this court has held that the party seeking fees should not receive another opportunity to present the required evidence. *See Schreiber*, 331 So. 3d at 877–78 (holding that remand for another evidentiary hearing was not appropriate when the moving party had "presented solely expert testimony of fees" without a "properly authenticated fee affidavit or testimony" from any of the moving party's attorneys); *Wiley v. Wiley*, 485 So. 2d 2, 3 (Fla. 5th DCA 1986) (reaching the same result in a case where the attorney who performed the work at issue did not testify or submit an affidavit regarding his services); *see also Ali v. Wells Fargo Bank, N.A.*, 264 So. 3d 1096, 1097 n.1 (Fla. 5th DCA 2019) (declining a party's invitation to remand

---

on contested, untimely affidavits"); *Soundcrafters, Inc. v. Laird*, 467 So. 2d 480, 481 (Fla. 5th DCA 1985) (reversing an award of attorney's fees in a case where the court permitted a witness "to testify by way of affidavit" without being cross-examined); *see also Robinson v. Nationstar Mortg. LLC*, 301 So. 3d 1059, 1063 (Fla. 2d DCA 2019) (noting that to reopen a case to present additional evidence, a movant must show that the presentation of evidence does not unfairly prejudice the opposing party and that reopening serves the best interests of justice, and holding that reopening was not appropriate in a case where it "greatly prejudiced" the opposing party by giving the movant a "proverbial second bite at the apple to prove an essential element of its case").

for additional evidence, reasoning that "[t]he cases cited by Wells Fargo in support of remand are distinguishable where, unlike here, the party seeking attorney's fees presented some evidence to support the fees awarded and had filed attorney's fees affidavits prior to trial that substantiated the fees."). Therefore, remand for another evidentiary hearing would be improper here.

Accordingly, we reverse the award of attorney's fees and remand with instructions to the trial court to enter an order finding that Rossdale is not entitled to attorney's fees.[3]

AFFIRMED, in part; REVERSED, in part; and REMANDED with instructions.

LAMBERT, C.J. and EVANDER, J., concur.

---

[3] We also deny Rossdale's motion for appellate attorney's fees. The record does not support an award of appellate fees based on a contractual obligation. Moreover, because Appellant is the prevailing party on a significant appellate issue, there is no basis for awarding appellate fees under section 57.105(1). *See Treat v. State ex rel. Mitton*, 163 So. 883, 883 (Fla. 1935) ("A frivolous appeal is not merely one that is likely to be unsuccessful. It is one that is so readily recognizable as devoid of merit on the face of the record that there is little, if any, prospect whatsoever that it can ever succeed. It must be one so clearly untenable, or the insufficiency of which is so manifest on a bare inspection of the record and assignments of error, that its character may be determined without argument or research." (footnote and internal citation omitted)).